THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE PENNISE, Appellant. — Appellant and one De Mino were jointly indicted for the crime of murder in the first degree and were tried together in the County Court, Kings County. Appellant and De Mino were convicted of murder in the second degree, and on August 24, 1950, each was sentenced to Sing Sing Prison, the former for a term of not less than twenty years nor more than his natural life and the latter for a term of not less than thirty years nor more than his natural life. At the conclusion of the charge, counsel for De Mino requested the court to charge the substance of section 1220 of the Penal Law to the effect that, when intent is a necessary element of a crime, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the purpose, motive, or intent with which he committed the act. The court declined to charge as requested and counsel for De Mino excepted. Counsel for De Mino further excepted to that part of the charge in which the court stated that if the jury believe defendant committed a crime but there was reasonable ground of doubt in which of two or more degrees he is guilty, the jury was at liberty to find him guilty of the lowest degree, and requested the court to charge that the jury was not at liberty to find defendant guilty of the lowest degree, but it was required to find defendant guilty of the lowest degree. (Code Crim. Pro., § 390.) The court declined to charge as requested and counsel for De Mino excepted. Counsel for appellant stated that he had no exceptions or requests to charge. On appeal by De Mino, this court reversed the judgment on the law and ordered a new trial (*People* v. *De Mino*, 277 App. Div. 1121), holding that it was error to refuse to charge the substance of section 1220 of the Penal Law and of section 390 of the Code of Criminal Procedure, and also holding that "Although the evidence adduced was sufficient to establish appellant's guilt, the errors alluded to, particularly that with respect to the evidence of intoxication, were substantial and may not be disregarded. (Cf. *People* v. *Martin*, 33 App. Div. 282; *People* v. *Gerdvine*, 210 N. Y. 184; *People* v. *Leonardi*, 143 N. Y. 360, and *People* v. *Koerber*, 244 N. Y. 147.)" Judgment of the County Court of Kings County, convicting appellant of the crime of murder in the second degree, reversed in the interests of justice, and a new trial ordered. (Code Crim. Pro., § 527.) Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ., concur.