THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM R. PATRICK DOYLE, Appellant.

Argued February 28, 1952; decided April 23, 1952.

*Edward J. Fontana* and *Vincent De Paul Starace* for appellant. I. There is a reasonable doubt as to the guilt of defendant as a matter of law and, therefore, the trial court erred in denying defendant's motion to dismiss the indictment, and in denying his motion to set the verdict aside. (*People* v. *Rosenberg,* 293 N. Y. 16; *People* v. *Lewis,* 271 App. Div. 1050.) II. Complainant was an accomplice and there was no corroboration of his testimony. The trial court should have charged as a matter of law that complainant was an accomplice. The court erred in instructing the jury that defendant had made certain admissions. (*People* v. *Rosenthal,* 289 N. Y. 482; *People* v. *Katz,* 209 N. Y. 311; *People* v. *Downs,* 236 N. Y. 306; *People* v. *Page,* 162 N. Y. 272.) III. There is a reasonable doubt that defendant committed an act of sodomy upon complainant at *any* time. (*People* v. *Downs,* 236 N. Y. 306; *People* v. *Ledwon,* 153 N. Y. 10; *People* v. *Nixon,* 248 N. Y. 182; *People* v. *Galbo,* 218 N. Y. 283; *People* v. *Wrieden,* 299 N. Y. 425.)

*Abraham Isseks, District Attorney* (*Angelo J. Ingrassia* and *Paul F. Murphy* of counsel), for respondent. I. The People have sustained the burden of proof and have established the guilt of defendant beyond a reasonable doubt. II. The trial court did not err in failing to charge that the complaining witness was an accomplice as a matter of law. (*People* v. *Jackson,* 196 N. Y. 357; *People* v. *Rosenthal,* 289 N. Y. 482; *People* v. *Levine,* 297 N. Y. 144.)

Conway, J. The defendant is forty-nine years of age and has taught in schools for boys for twenty-five years. He was convicted of the crime of sodomy. There was no proof of the commission of the crime except as it came from the words of the complainant. The jury was charged by the County Judge that if it found that the complainant was an accomplice, it must find corroboration before it could convict him. That was the law of the case. We have recently pointed out that the corroborative evidence of the testimony of an accomplice " must be evidence

from an independent source of some material fact tending to show not only that the crime has been committed but that the defendant was implicated in its commission.'' (*People* v. *Mullens,* 292 N. Y. 408, 414.) There were thus two problems left to the jury — the first, as to whether the complainant was an accomplice, and the second, as to whether, assuming that the jury found him to be an accomplice, the complainant was corroborated. It was implicit in the Judge's charge, that if the complainant was a nonaccomplice, the jury might convict him since no corroboration would be necessary.

We cannot determine on this record what was the basis for the jury's verdict of guilt: i.e., whether it found that the complainant was a nonaccomplice or found that he was an accomplice. If it found that he was a nonaccomplice, the verdict would have been justified, since no exception was taken to the charge and no request was made that the court charge in accordance with the requirements set out in *People* v. *Mullens* (*supra*). On the other hand, the jury may have concluded that the complainant was an accomplice, in which event the jury must have found that there was corroboration. The statement of the defendant to the State trooper may not be considered to be sufficient as the corroboration required under our authorities. Since we cannot determine on this record what was the basis for the verdict of guilt by the jury, the judgment of conviction must be reversed and a new trial ordered. In *People* v. *Feolo* (284 N. Y. 381, 385) we said: '' How this issue as to Funicello's status as a witness was composed by the jury we cannot know. Hence, we are called upon to say whether on this record the verdict may be taken as a valid finding that Funicello's testimony was sufficiently corroborated as against each of the three defendants. If as to any defendant the answer is in the negative, the judgment as against him cannot be upheld on the speculation that the jury found Funicello was not an accomplice. (See *People* v. *Lazar,* 271 N. Y. 27.) ''

The judgments should be reversed and a new trial ordered.

DESMOND, J. (dissenting). Since defendant entered no objection or exception to the County Judge's charge concerning accomplice corroboration, and never in any manner or at any time during the trial raised any such question, the point is not

open to him here (*People* v. *Rosenthal,* 289 N. Y. 482, 484). Even if the court's instructions on this subject were to be examined by us, we would have to say that they were all too favorable to defendant, since they authorized the jury to come to the shocking conclusion that this twelve-year-old boarding school pupil was an " accomplice " of the teacher who commanded him to submit to a crime against nature. And the final answer to all of defendant's arguments as to accomplice corroboration is this: there was in the admissions of defendant to the State policeman, ample corroboration of the boy's testimony. While there was no confession of the *fellatio,* defendant admitted " that he was fooling with the boy in that he pushed him down on the bed " that the boy " told him to stop this and it was done again " and that he (defendant) told the boy " to go downstairs easy " so the school commandant would not hear the youth leave defendant's room, and finally, that on several occasions defendant gave money to the alleged pathic. Even if the complainant was found by the jury to be a willing victim, and so an " accomplice ", all that was needed to support his testimony was " such other evidence as tends to connect the defendant with the commission of the crime " (Code Crim. Pro., § 399). " It is not necessary that the corroborative evidence of itself should be sufficient to show the commission of the crime, or to connect the defendant with it. It is sufficient if it tends to connect the defendant with the commission of the crime. Nor need the corroborative evidence be wholly inconsistent with the theory of the defendant's innocence " (*People* v. *Elliott,* 106 N. Y. 288, 292). " The corroborative evidence so required need not connect the defendant with the crime charged. If it have a fair tendency to connect him therewith and is found by the jury to be true, the statute is satisfied " (*People* v. *Henderson,* 298 N. Y. 462, 467). Proof such as we have here, has been, in somewhat similar cases, held sufficiently corroborative (see *People* v. *Bodenstein,* 240 App. Div. 849, as described in *People* v. *Masiano,* 253 App. Div. 454, 456; *People* v. *Pratchner,* 9 Cal. App. 2d 451).

The judgment should be affirmed.

Lewis, Dye, Fuld and Froessel, JJ., concur with Conway, J.; Desmond, J., dissents in opinion in which Loughran, Ch. J., concurs.

Judgments reversed, etc.