THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH C. WORKMAN, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, convicting him of the crime of perjury in the first degree. The indictment contained fourteen counts, seven charging perjury in the first degree and seven charging perjury in the second degree, based upon the alleged falsity of five answers made by defendant in a questionnaire submitted to a Grand Jury. The counts with respect to each answer were similar, except that those charging perjury in the second degree omitted the allegation of materiality. Ten of the counts, involving five answers, alleged that defendant willfully, knowingly and falsely subscribed and swore to an affidavit as to the truth of the contents of the questionnaire. Four counts (9 to 12) concerning two answers, alleged that defendant willfully, knowingly and falsely testified before the Grand Jury that the answers to the questionnaire were true. At the beginning of the trial, counts 7, 8, 13 and 14, relating to the same answers as those involved in counts 9 to 12, were withdrawn by the People. Following the summations and immediately preceding the charge, the court withdrew from the jury's consideration counts 1 to 6; and the only counts submitted were 9, 10, 11 and 12. Defendant was found guilty on counts 9 and 11, charging perjury in the first degree, and was sentenced to a term of imprisonment the minimum of which was two years and six months and the maximum five years, and a fine of $5,000, on count 9, and sentence was suspended on count 11. Judgment reversed on the law and a new trial ordered. While counts 1 to 6 were not submitted to the jury, the court permitted the jury to consider the evidence adduced thereunder on the question of defendant's motive and intent in making the statements upon which counts 9 to 12 were based. In our opinion, that was error. (*People* v. *Grout*, 174 App. Div. 608, 638, 639, appeal dismissed 222 N. Y. 521.) To constitute perjury it is not necessary to establish any intent other than that specified in the statute (Penal Law, § 1620), and if a person willfully testifies to what he knows to be false, that is the only criminal intent that can exist in the crime. (Cf. *People ex rel. Hegeman* v. *Corrigan*, 195 N. Y. 1, 13.) Proof that defendant had willfully, knowingly and falsely answered certain questions would not prove that he similarly had answered other questions, unless the latter questions involved the same subject matter

as the former. In that event, however, the evidence would be admissible, not under the principle enunciated in *People* v. *Molineux* (168 N. Y. 264, 293), but because of identity of the subject matter. Some of the proof offered in support of counts 1 to 6 would have been relevant and competent with respect to the questions involved in counts 9 to 12. Other evidence, however, which was presented under the first six counts and which the jury was permitted to consider under the court's charge, would not have been admissible under counts 9 to 12. In our opinion, the presence of such other proof, and particularly the evidence that defendant, a married man and the father of two children, had furnished an apartment and bought gifts for a woman other than his wife, was highly prejudicial. That testimony, besmirching defendant's character, undoubtedly must have been considered by the jury in their deliberations, and we are unable to say that the verdict was not affected thereby or that substantial rights of the defendant were not impaired. (Cf. *People* v. *Nuzzo*, 294 N. Y. 227.) The facts, and defendant's other contentions, have been considered, and in our opinion reversal would not be required were it not for the prejudicial evidence to which reference has been made. Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ., concur.