■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS G. MALONE, Appellant.— Appeal from a judgment of the County Court, Nassau County, convicting appellant of forgery in the third degree, and from orders denying his motion to set aside the verdict and for a retrial and from " all other and intermediate orders herein made ". The indictment contained 10 counts. On the trial the tenth count was dismissed on consent. The jury found appellant guilty on the second, third, fourth, fifth and eighth counts, and not guilty on the first, sixth, seventh and ninth counts. Judgment reversed on the law and the facts and a new trial ordered on the second, third, fourth, fifth and eighth counts of the indictment. In our opinion, the interests of justice require a new trial because of the possible confusion flowing from the trial court's instructions to the jury. (Cf. *People* v. *Pennise,* 278 App. Div. 713.) Contrary to the pertinent provisions of section 889 of the Penal Law, the trial court instructed the jury, in essence, that for a verdict of guilty they had to find that appellant made the false entries and omitted to make the true entries as charged, with the intent to defraud *and* conceal a larceny or misappropriation. The statute, however, requires proof of either the intent to defraud *or* of the intent to conceal any larceny or misappropriation. Throughout the trial, the People conceded that no claim was advanced that the appellant stole any of the money which was the subject of the employer's shortages. To that concession there must be added, upon the present state of the record, the finding that, while the People proved recurrent shortages, there was no proof that such

shortages were due to any larceny or misappropriation. As a consequence, under the instructions as given, the jury's verdict of guilty upon the five counts, at best, could be said to be dependent upon the implied finding of a fact which we hold was not proved, to wit, any larceny or misappropriation. Ordinarily, in criminal cases, it is held that a defendant-appellant is not prejudiced by a charge more favorable to him than the law requires and that such charge does not constitute reversible error. (*People* v. *von Brandenburg*, 241 N. Y. 128, 137; *People* v. *Star Co.*, 135 App. Div. 517, 518; *People* v. *Gaimari*, 176 N. Y. 84.) In the case at bar, however, the jury was given no competent definition of the intent to defraud, as a sole or surviving element in the case, since reference thereto throughout the charge was coupled, in the conjunctive, with a larceny or misappropriation. Under these circumstances, a new trial with a clear charge to the jury on the issue involved is appropriate. No separate appeal lies from the orders, which have been reviewed upon appeal from the judgment herein. Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.