The People of the State of New York, Respondent, *v.* Richard Curtis, Wayne Dowling and Kenneth Swanston, Appellants.

First Department, June 9, 1959.

*Aaron Samuelson* for Richard Curtis and another, appellants.

*Asher Lans* for Kenneth Swanston, appellant.

*Walter Dillon* of counsel (*Daniel V. Sullivan, District Attorney*), for respondent.

*Per Curiam.* In this case, six counts of the indictment filed against the defendants were submitted to the jury for determination.

The first and second counts respectively charged robbery, first degree, and grand larceny; the third charged assault, second degree, with intent to commit the crime of robbery. All were allegedly perpetrated upon one Arthur Santos. The fifth, sixth and seventh counts charged the same crimes but named a different complainant, one Robert Perez. The remaining counts in the indictment were eliminated before submission of the issues to the jury, and are of no concern at this time. The defendant Dowling was convicted on the third count and acquitted as to the rest. The defendants Curtis and Swanston were convicted on counts three, five, six and seven and acquitted on counts one and two.

While the third and seventh counts accused the defendants of assault with intent to commit the crime of robbery, as defined in subdivision 5 of section 242 of the Penal Law, through inadvertence, no doubt, the learned trial court treated the case as if the indictment had been drawn under subdivisions 3 and 4 of section 242 and instructed the jury in the language contained therein. These subdivisions define an assault inflicted by means of a weapon likely to produce grievous bodily harm or by any means resulting in grievous bodily harm.

While it may well be that the defendants were guilty of assault under subdivisions 3 and 4 of section 242, they were not indicted for violations of either of those subdivisions. The court failed to charge the jury with respect to subdivision 5 and the case was not submitted to it on assault with intent to commit a felony, as alleged in the indictment. No objection or exception was taken, and no request was made, either by counsel for the defendants or the prosecutor, in order to alert the court to the error. Undoubtedly had attention been directed to it, an appropriate instruction would have been given immediately.

Section 420-a of the Code of Criminal Procedure requires that an exception must be taken to preserve a question of law with respect to the charge (see *People* v. *Cohen,* 5 N Y 2d 282, 290). In our view, however, the problem here does not fall within the scope of that section. We are not so much concerned with errors in the charge given the jury as the absence of any instruction with respect to the specific crimes of assault alleged in counts three and seven. While it is true that the indictment charges assault, second degree, and that the defendants were convicted of that crime, the elements of assault upon which the jurors were

instructed to determine the guilt or innocence of the defendants were not alleged in the indictment, and the defendants were convicted of crimes defined in subdivisions of section 242 for which they were not indicted. It follows, therefore, that the verdict of guilty as to the third and seventh counts, charging assault, and the judgment entered thereon cannot be sustained (*People* v. *Torres*, 5 A D 2d 134).

Moreover, the Code of Criminal Procedure (§ 527) empowers this court to order a new trial if we are satisfied that the verdict was against the weight of the evidence or against the law, or in the interest of justice, even though no exception was taken at the trial. (See *People* v. *Pennise*, 278 App. Div. 713; *People* v. *Di Cupillo*, 271 App. Div. 1032; *People* v. *Brown*, 5 A D 2d 819.)

The remaining errors claimed are insufficient to require a reversal of the convictions of Curtis and Swanston on the other counts of the indictment.

In passing, we take note of the credible conduct and attitude of the Assistant District Attorney who argued the appeal. It was the Assistant District Attorney who raised the question on the argument of this appeal. In fulfillment of the duty of a prosecutor in his capacity as a quasi-judicial officer, he directed our attention to it upon argument. We commend this adherence to the obligation placed upon a member of the Bar as an officer of the court.

The judgment as to the defendant Wayne Dowling should be reversed and a new trial ordered, in the exercise of discretion, on the authority of section 527 of the Code of Criminal Procedure. The judgments as to the defendants Richard Curtis and Kenneth Swanston should be modified and the convictions on the third and seventh counts of the indictment reversed in the exercise of discretion, and a new trial ordered as to those counts on the authority of section 527 of the Code of Criminal Procedure. As modified, the judgments should be otherwise affirmed.

BREITEL, J. P., RABIN, M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Judgments [as to defendants Curtis and Swanston] unanimously modified and the convictions on the third and seventh counts of the indictment are reversed in the exercise of discretion, and a new trial ordered as to those counts on the authority of section 527 of the Code of Criminal Procedure, and, as so modified, affirmed.

Judgment [as to defendant Dowling] unanimously reversed and a new trial ordered in the exercise of discretion, on the authority of section 527 of the Code of Criminal Procedure.