THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESSE JAMES CONKLIN, Appellant.—

No opinion. Beldock, Acting P. J., Ughetta and Brennan, JJ., concur; Pette, J., and Kleinfeld, J., dissent and vote to reverse the judgment and to dismiss the indictment, with the following memorandum by Pette, J., in which Kleinfeld, J., concurs: With respect to offenses involving the morals of children, to warrant a finding that the defendant's guilt has been established beyond a reasonable doubt it is now well settled: (1) that the proof must be "clear and convincing" in view of the "ease with which crimes of this nature are charged and the difficulty of disproving them, and in view of the instinctive horror with which they are regarded by all mankind;" and (2) that where the child testifies without being sworn, the corroboration of the child's unsworn testimony, which is mandated by section 392 of the Code of Criminal Procedure, "must extend to every material fact essential to constitute the crime" (*People v. Oyola*, 6 N Y 2d 259; *People v. Porcaro*, 6 N Y 2d 248; *People v. Doyle*, 304 N. Y. 120, revg. 277 App. Div. 1046, dissenting opinion by Nolan, P. J.; cf. *People v. Page*, 162 N. Y. 272, 274–275). Based on these standards it is my opinion that defendant's guilt of the crimes charged has not been proved beyond a reasonable doubt. Defendant's conviction rests entirely on the combination of the unsworn testimony of the six-year-old child and the written confession of the defendant. One was used to support the other; there was no other corroborative proof. With respect to the unsworn testimony of a child under 12, section 392 of the Code of Criminal procedure provides that "no person shall be held or convicted of an offense upon such testimony unsupported by other evidence." With respect to a defendant's confession, section 395 of the Code provides that it "is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed." Thus, it will be noted that to establish a defendant's guilt beyond a reasonable doubt so as to sustain his conviction either on the basis of a child's unsworn testimony or

on the basis of his (defendant's) confession, independent corroborative evidence must be adduced. No case has been found in the Court of Appeals which authorizes a defendant's conviction upon a morals charge based solely on the corroboration of his confession by the child's unsworn testimony or based solely on the corroboration of such testimony by the defendant's confession — a state of facts which we have here. The Legislature has recognized the inherent weakness and vulnerability of both types of evidence by explicitly requiring their corroboration to sustain a conviction (Code Crim. Pro., §§ 392, 395). And, in a case where the defendant was charged with the carnal abuse of two children, it was held that the "unsworn testimony of one infant may not be used to support the unsworn testimony of the other" (*People* v. *Nolan,* 2 A D 2d 144, 145). Even if it be assumed, however, that theoretically a conviction may be had on the corroboration of a confession by unsworn testimony, and vice versa, nevertheless, as already noted, in a morals case the proof taken as a whole must still be "clear and convincing" in order to establish defendant's guilt beyond a reasonable doubt. In the case at bar, as stated, the conviction rests solely on the child's unsworn testimony and on defendant's confession. Taken as a whole such proof is neither clear nor convincing. For the child's testimony, no matter how it may be interpreted, in its essential aspects was indefinite, confusing and contradictory — the kind of testimony on which no man should be convicted, particularly in a morals case (cf. dissenting opinion, Nolan, P. J., *People* v. *Doyle,* 277 App. Div. 1046, revd. 304 N. Y. 120, *supra; People* v. *Oyola,* 6 N Y 2d 259, *supra; People* v. *Porcaro,* 6 N Y 2d 248 (*supra*). Under no circumstances can such testimony be said to prove or to corroborate *beyond a reasonable doubt* "every fact essential to constitute the crime." The great weight of authority supports the view that no conviction may be predicated on a confession in the absence of independent corroborative proof *aliunde* of the corpus delicti, which establishes or tends to establish the facts clearly and satisfactorily — that is, beyond a reasonable doubt (1 Wharton's, Criminal Law [12th ed.], §§ 359–363, pp. 467–477).