■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE PENNISE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 1, 1963 after a hearing, which resentenced him as a first felony offender to serve a term of 10 to 20 years for manslaughter in the first degree, commencing *nunc pro tunc* as of February 1, 1952, the date of the original judgment convicting defendant and sentencing him as a second felony offender after a jury trial in the former County Court, Kings County. (See 281 App. Div. 839, affd. 305 N. Y. 862.) Said original judgment was vacated by order of the Supreme Court, Kings County, dated January 30, 1963, pursuant to an order of the United States District Court for the Southern District of New York, which sustained defendant's writ of habeas corpus and remanded him for resentence on the ground that a prior 1941 felony conviction in the State of Idaho, on the basis of which he had been sentenced in New York as a second felony offender, was void (*United States ex rel. Pennise* v. *Fay,* 210 F. Supp. 277). Defendant's sole contention on this appeal is that the resentence was excessive. Judgment of February 1, 1963 resentencing defendant, affirmed. No opinion. (For a related appeal, see 278 App. Div. 713.) Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLO TORNETTO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 26, 1963 on his plea of guilty, convicting him of robbery in the third degree, and imposing sentence upon him as a second felony offender. Judgment affirmed (*People ex rel. Hirschberg* v. *Close,* 1 N Y 2d 258). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LLOYD WILLIS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an "order" of the County Court, Dutchess County, allegedly dated and entered March 10, 1964, which denied without a hearing his application to vacate a judgment of said court, rendered July 16, 1957 upon his plea of guilty, convicting him of conspiracy, as a misdemeanor, and of burglary in the third degree, and imposing sentence. Appeal dismissed. The notice of appeal is apparently dated March 20, 1964 and was filed in the County Clerk's office on March 23, 1964. It states that the appeal is taken from an order dated March 10, 1964. There is no such order in the record. The record discloses that, while the County Judge did render his decision denying defendant's application on March 10, 1964, the official order of denial was not made until April 3, 1964. Under the circumstances, defendant's appeal from a nonexistent order of March 10, 1964 must be dismissed. We have considered defendant's contentions, however; and, if we did not dismiss the appeal, we in any event would affirm on the merits the denial of defendant's *coram nobis* application. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ JOHN W. SCHROFF, Appellant, v. KESBEC, INC., Defendant-Respondent and Third-Party Plaintiff. PETER J. GRAY, Third-Party Defendant.— In an action to recover damages for personal injury, the plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered October 9, 1963 after a jury trial, in favor of the defendant, dismissing the complaint on the merits at the close of plaintiff's case. Judgment affirmed, with costs (*Figler* v. *Subin,* 18 A D 2d 702, affd. 14 N Y 2d 740; cf. *De Clara* v. *Barber S. S. Lines,* 309 N. Y. 620; *Leskody* v. *Atlantic Stevedoring Co.,* 21 A D 2d 894). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.