■    The People of the State of New York, Respondent, v Edward

REARDON, Appellant.—Judgment. Supreme Court, Bronx County, entered October 18, 1976, convicting defendant after jury trial of two counts of perjury in the first degree unanimously affirmed. The issue before the jury was whether the defendant had lied before the Grand Jury. At trial, testimony was given by two witnesses that they had paid the defendant bribes. The trial court charged that the two witnesses were accomplices as a matter of law and asked for a special finding as to a third witness. Although the court correctly charged as to corroboration of accomplice testimony, the charge should not have been made. As applied to a perjury prosecution, the witnesses here clearly do not fall within the statutory definition (CPL 60.22; also see *People v McAuliffe,* 36 NY2d 820). But in fact, by calling on the jury for the additional determination that the witnesses were accomplices, the trial court increased the burden of proof that lay athwart the shoulders of the prosecution, and such additional burden redounded to the benefit of the accused and not to his prejudice. While there may have been some "blurring" of the issue or perjury, a proper consideration thereof by the jury was not prevented. Here we have actively involved witnesses testifying in compelling detail as to defendant's personal role in the payment of bribes, with uncontroverted proof of his denials of such bribe taking under oath before the Grand Jury. The quantum and nature of this proof are so logically compelling and forceful as to lead to the conclusion that a fair-minded jury would almost certainly have convicted defendant *(People v Crimmins,* 36 NY2d 230). There was no substantial probability that the jury would have acquitted defendant had it not been for the error. There is no reasonable possibility that the error might have contributed to the defendant's conviction, and thus it was harmless beyond a reasonable doubt *(Chapman v California,* 386 US 18). The trial court's request for a special verdict as to the third witness, while improper, was also harmless error. Concur—Birns, J. P., Silverman, Evans, Lane and Yesawich, JJ.