THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY ROY ROOT, Appellant.

First Department, May 15, 1979

### APPEARANCES OF COUNSEL

*Irving Anolik* for appellant.

*Steven R. Kartagener* of counsel *(Alan D. Marrus* with him on the brief; *Mario Merola, District Attorney),* for respondent.

### OPINION OF THE COURT

SILVERMAN, J.

Defendant appeals from a judgment of the Supreme Court, Bronx County, convicting him on a jury verdict of perjury in the third degree (Penal Law, § 210.05) and sentencing him to a three-year term of probation thereon.

Defendant, an attorney, was convicted of perjury because of his having verified a false bill of particulars in a personal injury action in which the plaintiff, Biggica, was his client. There is no dispute as to the falsity of this bill of particulars but conviction requires that it be shown that the defendant "intentionally makes a false statement which he does not believe to be true" (Penal Law, § 210.00, subd 5). Concededly, standing alone, the evidence with respect to this particular bill of particulars is not sufficient to show that defendant intentionally made a false statement which he did not believe to be true.

However, the trial involved a number of counts involving a number of bills of particulars verified by the defendant as to which the proof was at least sufficient so that the jury could have found that defendant intentionally swore falsely as to

them. Such evidence of intentional falsehood in similar situations on other occasions not too remote can support a finding of guilt with respect to the Biggica bill of particulars. (See *People v Schwartzman,* 24 NY2d 241, 248; *People v Gerks,* 243 NY 166, 170; *United States v Kahan,* 572 F2d 923, 932-933; *United States v Leonard,* 524 F2d 1076, 1090-1091; *United States v Etley,* 574 F2d 850, 852-853; Richardson, Evidence [10th ed], § 172.) Thus we think the evidence was sufficient to warrant a conviction.

The Trial Judge charged the jury as follows: "[U]nder the indictment, there are five separate, distinct, independent and unrelated lawsuits or cases. Each case has its own separate and distinct evidence that pertains only to it. And that evidence cannot be used in considering any other case. For this reason, I will furnish the jury with a chart, showing the case, giving the title of the lawsuit and outlining the witnesses that pertain to that case only and to that count only or to the counts of that case. In that chart, you will have set forth the exhibits which were introduced into evidence which pertain to that case."

The court did furnish the jury with such a chart. Specifically with respect to the Biggica case (the third count), the court said: "And once again, the only testimony of witnesses that you will consider is that on the chart as it relates to the third count of the indictment, and only those exhibits, because this is an independent case, and only those witnesses on the chart, as to case three and those exhibits are to be considered by you in determining whether or not the defendant is guilty under this charge."

We have examined the chart with respect to the Biggica count. The chart did not include as evidence that the jury could use with respect to the Biggica case any of the testimony of other plaintiffs, or the tapes of conversation with other plaintiffs, or the bills of particulars in the other cases.

The Judge did say as to each case that the jury could consider all the credible evidence. Thus as to Biggica, the court said:

"In this connection, I charge you that you have the right and it is your duty to examine into all of the evidence in this case to determine whether or not there are independent facts and circumstances, and inferences reasonably to be drawn therefrom, which support and corroborate the direct testimony of Linda Biggica and stated her medical expenses to be in the

sum of nine hundred twenty-five dollars, that he swore and affirmed falsely.

"Now, based upon all of the credible evidence, it is for you to say whether or not there are independent facts and circumstances which support inferences that corroborate the direct testimony of Linda Biggica by way of proof that when the defendant prepared the bill of particulars, as previously indicated, he swore falsely."

However, it seems rather clear, from the structure of the Judge's charge and the explicit statements in it, that this portion of the charge with respect to the Biggica case as well as with respect to the other cases related only to what the Judge called the third element or requirement, that the bill of particulars was false, and not the fifth requirement, whether or not defendant believed the statement to be true.

Although the Trial Judge on denial of the motion to set aside the verdict was of a contrary view, we think the fair meaning of this charge is that the jury could not consider the evidence as to the other bills of particulars as indicating defendant's knowledge of the falsity of the Biggica's bill of particulars.

This charge was more favorable to the defendant than defendant was entitled to. Defendant argues that this charge became the "law of the case". The applicability of the doctrine of the law of the case to an unexcepted-to charge unduly favorable to the defendant has been subject to some recent questioning. (Cf. *People v Watson,* 57 AD2d 143, 145-148.)

Usually of course a party has no cause to complain when the charge is unduly favorable to him. *(People v Reardon,* 58 AD2d 749.) It may well be argued in the case at bar that a jury, which convicted a defendant when they were improperly told not to consider other inculpatory evidence, would surely have convicted the defendant if the Judge had told them, as he should have, that they could consider the other inculpatory evidence.

But basic to the system of jury trials is the assumption that the jury follows the Judge's instructions. (Cf. *People v Lobel,* 298 NY 243, 254.) It is on that assumption that we can say that the jury acted in accordance with its oath "to render a verdict according to the law and the evidence." (CPL 270.15, subd 2.)

If the jury followed the Judge's instructions, it did not

consider the evidence as to the other bills of particulars in relation to the Biggica count, and specifically did not pass upon whether they believed the evidence as to defendant's knowledge of falsity with respect to the other bills of particulars, and whether that evidence persuaded the jury that defendant did not believe the Biggica bill of particulars to be true. In such event, the only evidence they considered with respect to the Biggica bill of particulars would be insufficient to warrant a jury verdict that defendant did not believe the Biggica bill of particulars to be true.

Thus to sustain the conviction in the present case, we must assume that the jury disregarded the Judge's instruction. If once we make that assumption, we can then no longer have any confidence that the jury brought in their verdict in this case on a legally permissible basis. Specifically in this case how can we tell that what the jury disregarded was the improper direction not to consider other inculpatory evidence rather than the closely related proper direction which the Judge was obviously giving in the same passage to the effect that the jury should not convict the defendant on any count of the indictment unless the evidence satisfied them beyond a reasonable doubt that the defendant was guilty of that count, and that specifically, they should not convict him of a less serious count as to which the evidence is insufficient because they think him to be guilty of a more serious count?

We do not say every jury verdict must be set aside if the verdict can only be sustained by assuming that the jury disobeyed a portion of the Judge's charge. For example, in a given case, it may be plain that even if the jury failed to follow the court's instructions in some respect, the appellant was in no way prejudiced, or that the jury applied the correct rule notwithstanding the court's error. (Cf. *People v Rivera,* 59 AD2d 675; *People v Reardon,* 58 AD2d 749, *supra.)*

But here the relationship between the improper charge that the jury must be assumed to have disregarded and the proper charge that the court was also giving is so close and important that we think that the verdict cannot be allowed to stand. We are left without any guidance as to whether the jury—which did not convict on any other count—believed the evidence as to the other counts and accepted it as showing defendant's guilt on the Biggica count, which appears to be the weakest of all the counts, or whether it found guilt on the Biggica count without considering the bearing, or perhaps even believing,

the evidence on the other counts. "Since we cannot determine on this record what was the basis for the verdict of guilty by the jury, the judgment of conviction must be reversed and a new trial ordered." *(People v Doyle,* 304 NY 120, 122.)

*People v Malone* (1 AD2d 1035) involved a somewhat similar situation. There the Appellate Division set aside a conviction of forgery where the court had charged the jury that for a verdict of guilty they had to find that defendant made the entries with intent to defraud *and* conceal a larceny. The charge was unduly favorable to defendant because all that was required was *either* intent to defraud *or* intent to conceal larceny. Concededly, the People made no claim of larceny. The court said (p 1036): "Ordinarily, in criminal cases, it is held that a defendant-appellant is not prejudiced by a charge more favorable to him than the law requires and that such charge does not constitute reversible error. * * * In the case at bar, however, the jury was given no competent definition of the intent to defraud, as a sole or surviving element in the case, since reference thereto throughout the charge was coupled, in the conjunctive, with a larceny or misappropriation. Under these circumstances, a new trial with a clear charge to the jury on the issue involved is appropriate." (See, also, *People v Doyle,* 304 NY 120, *supra.)* In the present case too, we think that if the jury was permitted to use the evidence with respect to the other bills of particulars, it should have been given a clear charge to that effect, and as to the bearing of the evidence as to the other bills of particulars on the Biggica count, taking care not to weaken the requirement that the jury may not convict the defendant on any count of the indictment unless the evidence satisfies the jury beyond a reasonable doubt that the defendant is guilty of that particular count.

The judgment of the Supreme Court, Bronx County (REILLY, J.), rendered April 12, 1977, convicting defendant, on jury verdict, of perjury in the third degree (Penal Law, § 210.05), and sentencing him thereon, should be reversed, on the law, and a new trial ordered.

MURPHY, P. J. (dissenting in part). The defendant was charged in a multicount indictment with intentionally verifying false bills of particulars in five unrelated negligence cases with knowledge that the statements therein concerning physicians' fees were not true. This criminal proceeding went to the jury on various counts that included perjury in the second and

third degrees (Penal Law, §§ 210.10, 210.05). Both of these crimes contain the common element that a person must "swear falsely". Subdivision 5 of section 210.00 of the Penal Law states, to the extent here relevant, that "[a] person 'swears falsely' when he intentionally makes a false statement which he does not believe to be true * * * (b) under oath in a subscribed written instrument". The trial court instructed the jury that each negligence case had its own separate and distinct evidence that pertained only to it. The court furnished the jury with a chart limiting the evidence to be considered on each count to the evidence introduced in the underlying negligence case. Suffice it to say that the jury convicted the defendant of one count of perjury in the third degree on facts arising out of the Biggica negligence case. The jury acquitted the defendant on certain other counts and it was unable to reach a verdict on the remaining counts.

On appeal, the evidence strongly suggests that the bill of particulars in the Biggica case contained false entries. Thus, the critical questions presented are whether the defendant verified that bill (1) intentionally, (2) believing it not to be true (Penal Law, § 210.00, subd 5). The prosecution concedes in its brief that defendant's criminal intent and guilty knowledge of falsity in the Biggica case were not shown by any direct evidence adduced within the confines of that particular case. However, the prosecution maintains that the circumstantial evidence in the other four negligence cases was sufficient to support the jury's verdict that the defendant intentionally verified the bill in the Biggica case with knowledge of its falsity.

Generally, in a multicount indictment covering many distinct crimes, the jury is instructed that the evidence regarding each crime should be confined to that crime. (People v Harris, 51 AD2d 937; People v Range, 49 AD2d 832.) Nonetheless, the facts in two distinct charged crimes may be so connected that the court would be warranted in instructing the jury to consider the evidence jointly. (People v Munger, 24 NY2d 445, mot to amend remittitur den 24 NY2d 1026; see CPL 200.20, subd 2, par [b].) It should also be observed that normally evidence of unconnected, uncharged criminal conduct is inadmissible if offered for no other purpose than to raise an inference that a defendant is of a criminal disposition, but such evidence may be admissible if offered for some relevant purpose. For that reason, uncharged crimes are sometimes

admitted to show "intent" or a "common scheme" *(People v Vails,* 43 NY2d 364, 368). In the background of these legal principles, the narrow issue raised is whether the jury should have been permitted to consider the evidence adduced under the other four negligence cases in determining the defendant's guilt on the subject count relating to the Biggica case.

In *People ex rel. Hegeman v Corrigan* (195 NY 1, 13), the Court of Appeals made the following observation with regard to the elements of "intent" and "knowledge" in the perjury area: "To constitute perjury under our law it is not necessary to establish any other intent than that specified in the statute, for by its terms it is not sufficient that the affiant testifies as to what is false, but the testimony must be given willfully and knowingly, and the affiant must know that the testimony is false; if it be given in the honest belief that it is true, or by mistake or inadvertence, the case does not fall within the statute. Therefore, if a person willfully testifies to what he knows to be false, this is the criminal intent and the only criminal intent that can exist in the crime." Therefore, to commit perjury, the affiant need only intend to commit the prohibited act (cf. *People v Persce,* 204 NY 397, 401, 402).

The rule enunciated in *Hegeman* was given further interpretation in *People v Grout* (174 App Div 608, 639, app dsmd 222 NY 521): "By that rule, if defendant, when in the report he made a given material statement, then knew it to be false, he was guilty of perjury when he verified the report, whatever his motive in so doing was. As I understand the rule, under such circumstances proof of the commission by the defendant of other like acts at or about the same time, having the like purpose to deceive, is not competent." Subsequently, the conclusion reached by the Appellate Division, Second Department, in *Grout* was reconfirmed in its memorandum in *People v Workman* (282 App Div 703). The *Workman* court succinctly stated (pp 703-704) that: "Proof that defendant had willfully, knowingly and falsely answered certain questions would not prove that he similarly had answered other questions, unless the latter questions involved the same subject matter as the former."

On the basis of the rule enunciated in *Hegeman* and its progeny, the trial court correctly charged that the evidence in each of the negligence cases should be considered separately. The evidence in the other four negligence cases as to defendant's "intent" and "knowledge" was not relevant to, nor

probative of, the defendant's guilt on the counts springing from the Biggica case. Since there is insufficient evidence within the confines of the Biggica case to support the conviction, the judgment of the Supreme Court, Bronx County (REILLY, J.), rendered April 12, 1977, convicting defendant after a jury trial of perjury in the third degree, should be reversed, on the law, and that count should be dismissed.

BLOOM and MARKEWICH, JJ., concur with SILVERMAN, J.; MURPHY, P. J., and LANE, J., dissent in part in an opinion by MURPHY, P. J.

Judgment, Supreme Court, Bronx County, rendered on April 12, 1977, reversed, on the law, and a new trial directed.