OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 At trial the defendant moved to dismiss the indictment on the ground that the prosecution had failed to corroborate accomplice testimony. This argument was based on the contention that a prosecution witness, Melvin Rogers, was an accomplice as a matter of law. This contention was rejected by the trial court and has been abandoned by the defendant on the appeal. The defendant now contends that Melvin Rogers’ testimony was insufficient to corroborate the accomplice. Alternatively it is contended that the court, in effect, should have charged the jury that it must acquit the defendant if it found that he was an accomplice, as a matter of fact, because there was no other evidence sufficient to corroborate the accomplice testimony.
 

 Because neither of these points was presented to the trial court, they have not been preserved for our review. The defendant’s argument that the latter point need not be preserved by such a request, is based on the dissenting opinion in
 
 People v Doyle
 
 (304 NY 120), which is not a binding interpretation of the majority’s holding. This issue is not so extraordinary that it should be exempted from the preservation requirement
 
 (see, e.g., People v Ahmed,
 
 66 NY2d 307). A simple and clear request to have the court charge to acquit the defendant if the jury finds that Melvin Rogers was an accomplice, would have alerted the court to the precise point, and would have led to a correction of the error at trial, or preservation of the point for appellate review.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.