■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR TORRES, Appellant.—Judgment, Supreme Court, Bronx County (David Levy, J.), rendered November 18, 1987, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent terms of 4½ to 9 years and one year imprisonment, respectively, unanimously affirmed.

Defendant's conviction arises out of his arrest for the street sale of crack cocaine to an undercover police officer. As defendant did not request any sanction with respect to police destruction of their handwritten notes—the content of which was transposed into formal police reports—made contemporaneously with the buy and bust transaction, there is no merit to defendant's claim that the trial court's failure to impose any sanctions denied him a fair trial *(see, e.g., People v Albelo,* 166 AD2d 313).

Likewise without merit is defendant's claim of undue prejudice arising out of the testimony of the back-up officers that defendant was apprehended because he fit the description of an individual who had sold crack cocaine to the undercover officer. Initially, it is noted that defense counsel explored the issue extensively in cross-examination to further a mistaken identity defense, and defendant made no effort to preserve the issue for appellate review by appropriate and timely objection *(see, e.g., People v James,* 75 NY2d 874). In any event, any bolstering resulting from such testimony is rendered harmless by the overwhelming evidence of defendant's guilt, including his possession of the pre-recorded buy money, and defendant's admission that the description of the drug seller, as radioed to

the back-up team by the undercover officer, accurately described him. When considered with the unequivocal in-court identification of defendant by the undercover officer, there is no significant probability that defendant would have been acquitted but for any bolstering resulting from the testimony of the back-up officers *(see, e.g., People v Johnson,* 57 NY2d 969).

Finally, we reject defendant's claim that he was denied a fair trial because the court failed to properly charge the presumption of innocence. We note initially that defendant failed to preserve the issue for appellate review by appropriate exception *(see, e.g., People v Creech,* 60 NY2d 895). The jury charge viewed as a whole adequately conveyed the appropriate standards *(People v Thomas,* 50 NY2d 467). Concur—Sullivan, J. P., Carro, Ellerin, Ross and Asch, JJ.