THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE COKER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered January 4, 1991, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that the officer whom he struck in the head suffered physical injury. Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The victim testified that he became dizzy from the blow and could not drive his vehicle for 20 minutes, and that he was prescribed pain medication for the throbbing in his head. The victim also testified that he missed work and suffered stiffness of his neck and pounding of the head for a two to three week period as a result of the injury and that the bump on his head swelled from the size of a golfball to the size of half of a softball.

The defendant also argues that the victim's testimony was not credible, and that the victim fabricated his account of the incident in order to gain revenge for the alleged firing of the victim by the defendant some seven years ago, and to provide a defense for a lawsuit filed against the victim by the defendant. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The defendant's contention regarding the adequacy of the jury charge is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v James,* 75 NY2d 874), and

in any event, is without merit. Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.