■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER NEAL, Appellant. [611 NYS2d 187] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered September 26, 1991, convicting defendant, after jury trial, of robbery in the first degree, attempted robbery in the first degree, robbery in the second degree (two counts), and attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 6 to 12 years, 4 to 8 years and 4 to 8 years on the first degree and second degree robbery counts, respectively, to run consecutively to concurrent terms of 5 to 10 years and 3½ to 7 years on the attempted first degree and attempted second degree robbery counts, respectively, unanimously affirmed.

The trial court properly granted the People's request for a missing witness charge on the grounds that the uncalled witness had knowledge of a material issue in the case and would naturally be expected to testify favorably for the defense; that the witness was within the defendant's control, and that the efforts made by defendant to locate the witness did not demonstrate the required due diligence *(People v Gonzalez,* 68 NY2d 424). In this connection, defendant's bare allegation that the witness in question "apparently" would assert her Fifth Amendment privilege, in light of the attendant circumstances, did not render that witness unavailable *(see, People v Rodriguez,* 38 NY2d 95, 100).

As defendant neither requested a specific jury charge re-

garding corroboration of accomplice testimony, nor registered any objection or exception to the charge as given, he failed to preserve his current claim of error (CPL 470.05; *People v James,* 75 NY2d 874, 875). As the record refutes defendant's claim of a serious credibility issue in this case, we decline interest of justice review. Concur—Sullivan, J. P., Wallach, Ross, Rubin and Tom, JJ.