■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARISSA RANSOM, Appellant. [642 NYS2d 104] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review her contentions that she was denied a fair trial by prosecutorial misconduct during summation (*see, People v Balls*, 69 NY2d 641, 642), that Supreme Court committed reversible error in failing to charge accomplice corroboration (*see, People v James*, 75 NY2d 874, 875), and that she was denied her statutory right to a speedy trial because she was not arraigned on the indictment within the six-month statutory period (*see, People v Luperon*, 85 NY2d 71, 77-78). We

decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

There is no merit to defendant's contention that the court erred in admitting into evidence a telephone answering machine tape (*see, People v Ely,* 68 NY2d 520, 527-528; *People v McGee,* 49 NY2d 48, 59-60, *cert denied sub nom. Waters v New York* 446 US 942). Lastly, defendant contends that the court erred in denying her motion to dismiss the indictment on statutory speedy trial grounds based on the People's delay in providing the court with the Grand Jury minutes in response to a motion made by the codefendant. We disagree. That delay had no bearing on the People's readiness for trial in the present case (*see generally, People v McKenna,* 76 NY2d 59, 63-64), and defendant concedes that she sought neither inspection of the Grand Jury minutes nor dismissal of the indictment based on the insufficiency of the Grand Jury minutes (*see,* CPL 210.30). (Appeal from Judgment of Supreme Court, Erie County, Himelein, J.—Assault, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.