Dwight JAMES, Petitioner–Appellant,

v.

Christopher ARTUZ, Respondent–Appellee.

Docket No. 00–2253.

United States Court of Appeals, Second Circuit.

Jan. 29, 2002.

Barry D. Leiwant, Legal Aid Soc'y, Fed. Def. Div.App. Bur., N.Y., NY, for Appellant.

Sylvia Wertheimer, Ass't Dist. Att'y, N.Y., NY, for Appellee.

Present KEARSE, WINTER, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Petitioner Dwight James, a New York State prisoner, appeals from a judgment of the United States District Court for the Southern District of New York, John S. Martin, Jr., *Judge,* denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that he received constitutionally ineffective assistance of counsel when his attorney failed to object to an allegedly erroneous instruction—and failed to request a proper instruction—under New York law with respect to the need for nonaccomplice corroboration of accomplice testimony. Finding no basis for reversal, we affirm.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show both (a) that counsel's representation fell below an objective standard of reasonableness under prevailing

professional norms, and (b) that there is a reasonable probability that but for the deficiency, the outcome of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We are not persuaded that the district court erred in concluding that James met neither prong of this test.

■ The trial court's accomplice-corroboration instruction to which James now objects stated that if the jury found that Melvin Rogers was an accomplice, it "must then determine with respect to the testimony that he gave, whether it's of such a nature that there is other evidence that fairly connects [James] with the commission of the crime." Although the New York Court of Appeals, which found James's contentions unpreserved for appellate review, may have viewed the trial record as lacking any nonaccomplice corroboration of Rogers's testimony, *see People v. James,* 75 N.Y.2d 874, 875, 554 N.Y.S.2d 465, 466, 553 N.E.2d 1013 (1990) (mem.) ("A simple and clear request to have the court charge to acquit the defendant if the jury finds that Melvin Rogers was an accomplice, would have alerted the court to the precise point, and would have led to a correction of the error at trial, or preservation of the point for appellate review."), the instruction as given, though perhaps unartful, does not appear to misstate New York law. Thus, counsel's failure to object to the instruction given did not constitute substandard performance.

■ Counsel's failure to request an instruction that if the jury found Rogers to be an accomplice it should acquit James presents a closer question on the first *Strickland* prong, given the New York Court of Appeals statement quoted above. However, we cannot conclude that there is a reasonable probability that, had defense counsel requested such an instruction, the

outcome of the trial would have been different.

We have considered all of James's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.