■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McDOUGALL, Appellant.—Judgment, Supreme Court, New York County, rendered April 25, 1974 (after denial of a motion to suppress dated April 16, 1974, per Birns, J.), convicting defendant, upon a plea of guilty, to the crime of attempt to commit the crime of possession of a weapon as a felony, reversed, on the law, the motion to suppress granted, and the indictment dismissed. On November 27, 1973, at approximately 4:00 A.M., a patrolman observed a group of people standing on the southeast corner of 40th Street and Eighth Avenue drinking wine and blocking the sidewalk. The patrolman directed them to disperse. The defendant, McDougall, was observed on the side of the street, neither drinking wine nor disturbing passing pedestrians. The patrolman nonetheless ordered McDougall to move and, when he failed to do so, he was arrested for disorderly conduct. Defendant at this point stated that he had a gun. In addition to the gun, a hunting knife and handcuffs were recovered from the defendant's person. The People concede that there was no probable cause to arrest the defendant for disorderly conduct. We agree. However, we further find that the discovery of the weapon was inextricably intertwined with the disorderly conduct arrest and the motion to suppress should have been granted (*People v Cantor,* 36 NY2d 106). Concur—Tilzer, Capozzoli and Lane, JJ.; Kupferman, J. P., and Nunez, J., dissent and vote to affirm on the suppression opinion of Birns, J.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY CLEMONS, Appellant.—Judgment of conviction, Supreme Court, New York County, rendered April 26, 1973, unanimously reversed, in the exercise of discretion and the interest of justice, and the case remanded for a new trial. Of the various errors claimed by defendant-appellant, three stand out to the extent that their sum cannot be deemed harmless in possible effect. An irrelevant statement by defendant as to the availability of cocaine was characterized by the court in the charge as an admission. Testimony was permitted by a detective concerning the hearsay statement made by an unidentified person two days after the arrest at the bar which was its scene, connected with defendant by the latter's involvement with the same person a few moments later. Though excused as corroborative of the questioned identification of defendant, the statement and description of the surrounding circumstances were calculated to give the impression of a large-scale narcotic operation of which the unknown person was the ringleader. The last of the three errors was the inexcusable inflammatory statement in the prosecutor's summation adjuring the jury to save their sympathy "for the parent whose child buys the first shot of heroin." In our view, defendant was thereby deprived of a fair trial. The other claimed errors have been reviewed and found to be without merit. Concur—Stevens, P. J., Markewich, Kupferman, Murphy and Lupiano, JJ.