■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KING EDWARD RANGE, Appellant.—Judgment, Supreme Court, New York County, rendered on June 28, 1973, convicting defendant after a jury trial of two counts of criminal sale of a dangerous drug in the third degree and criminal possession of a dangerous drug in the fourth degree, and sentencing him to concurrent terms of imprisonment of 5 to 15 years on each of the sales counts and an indeterminate term of imprisonment with a maximum of seven years on the possession count, unanimously reversed, on the law and in the interest of justice and a new trial directed. Although the consolidation of the two separate indictments herein was proper, being a matter resting in the court's sound discretion (CPL 200.20, subds 4, 5), the manner in which the consolidated trial was conducted deprived defendant of a fair trial. At the outset of the trial defense counsel requested that "the Court instruct the jury to consider each indictment individually and that the evidence regarding each crime be confined to that crime and not considered cumulatively." Although the request was proper, the court declined to instruct the jury as requested and stated that the jury would be charged as usual "that they must consider each count of the indictment separately and

that they must find every necessary element of that particular count beyond a reasonable doubt". And thereafter, when the court did charge the jury, the court, in fact, did not include any instruction with respect to confining the evidence regarding each crime to that particular crime and not to treat the evidence cumulatively. Although the defendant did not object to the court's ruling, nevertheless, that does not prevent *this* court from considering the issue in the interest of justice *(People v Robinson,* 36 NY2d 224, 228; CPL 470.15, subds 1, 3, 6, par [a]). Moreover, the failure to grant the defendant's request was particularly prejudicial in view of various statements made by the prosecuting attorney. Indeed, in opposing the request by defense counsel, the District Attorney indicated an intent to utilize the evidence cumulatively, stating as follows: "At this time it would be unreasonable to ask the jury not to consider evidence, testimony they hear in one case as bearing on the other case." And, during summation, the District Attorney succeeded in commingling the evidence when he stated that if the defendant's version of mistaken identity were accepted by the jury, that the jury would "have to believe there was a mistake made by one group of officers and a second mistake * * * by an entirely different group of officers". One other issue should be mentioned. The prosecutor, in summation, stated that the jury should "save [its] sympathy for the victims of people like the defendant. Save it for those people whose homes are broken into * * * even save it for the addict who becomes dependent upon heroin". Such prosecutorial comment has previously been condemned by this court. *(People v Clemons,* 48 AD2d 802.) Concur—Kupferman, J.P., Lupiano, Tilzer, Lane and Nunez, JJ.