■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RODRIGUEZ, True Name HERIBERTO FALU, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 28, 1973, after jury trial of, *inter alia,* robbery, first degree, and grand larceny, third degree, unanimously modified, on the law, to dismiss the larceny count, and otherwise affirmed. "Defendant, on the facts of this case, could not have committed the robbery without also committing the grand larceny, the counts being inclusory and concurrent (CPL 300.30, subd 4; *People v Hayes,* 43 AD2d 99, affd 35 NY2d 907). Where the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b])." *(People v Grier,* 37 NY2d 847, 848.) Concur—Markewich, J. P., Murphy, Birns, Silverman and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HARRIS, Also Known as CARL SAUNDERS, Appellant.—Judgment of the Supreme Court, New York County, rendered April 12, 1973, convicting the defendant, upon a jury trial, of eight counts of robbery (first degree), two counts of attempted robbery (first degree), eight counts of grand larceny (third degree), two counts of attempted grand larceny (third degree), and nine counts of possession of a dangerous instrument (felony), unanimously reversed, on the law and the facts, and a new trial directed. Defendant was charged within a period of 10 days in 1971 with carrying out eight separate robberies in three separate housing projects in the same general area of Manhattan. In each case the assailant boarded an elevator with the victim or victims and used a butcher knife to obtain money before fleeing. All of the eight distinct robbery incidents in 29 counts were included in one trial. While a strong argument can be made that the denial of the motion to sever was an abuse of discretion, fairness required that the jury be properly instructed in considering each of the eight sets of charges as a separate and distinct entity in order to avoid commingling of the crimes and homogenization of the evidence in the jury's deliberations. *(People v Crimmins,* 36 NY2d 230, 242; *People v Range,* 49 AD2d 832.) This was not done to a sufficient extent. Accordingly, we reverse and grant a new trial. We have examined the other points raised by the appellant and find them without merit. Concur—Kupferman, J. P., Murphy, Lupiano and Birns, JJ.; Silverman, J., concurs in the following memorandum: Given a trial in which the defendant is charged with eight similar robberies with a knife in the elevators of public housing projects, I question whether any jury can realistically be expected not to be influenced in its consideration of any one criminal incident by the evidence linking the defendant to the other seven. I do not think even the most painstaking instructions, and the most laborious (to the court and perhaps to the jury) marshalling of the evidence can cure this. Eight similar robberies in one trial is just too much.