■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LYLES, Also Known as DAVID PLUMMER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 3, 1976, upon resentence (the date on the clerk's extract is December 2, 1977), convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The People's case rested mainly on the testimony of a friend of the defendant who, by his own admission, had accompanied the defendant to the scene of the murder carrying a double-barreled sawed-off shotgun in a shopping bag. The shotgun was allegedly used to murder one of the victims. Afterwards, the witness provided the defendant with a ride home. The principal corroboration came from the testimony of an acquaintance of the two men, who stated that he had seen them near the scene of the crime on that day and that the defendant had been carrying a shopping bag. The testimony of the key witness and the corroborating witness differed in some respects. The key witness' own testimony suggests that he had illegally possessed a firearm in

the course of the events leading to the double murder. He may also have been guilty of hindering prosecution. A jury might well have found, had a proper instruction been given, that the witness was an accomplice whose testimony required corroboration (see CPL 60.22). However, defense counsel did not request, and the Trial Judge did not give, such an instruction. Under the particular circumstances appearing in this record, we conclude that the defendant was thus denied a fair trial. We also reverse on the ground that it was wholly improper for the District Attorney to bring out, on the direct examination of a police officer, that defendant, at the time of his arrest, "was in custody on another charge." Martuscello and Shapiro, JJ., concur; Hopkins, J. P., concurs in the result with the following memorandum, which is joined in by Latham, J.: No request was made by defense counsel for a charge that the witness Fickling was an accomplice whose testimony required corroboration. However, I am constrained by our decision in *People v Cona* (60 AD2d 318, 325), that there is no necessity for such a request by the defense in order to preserve the point on appeal. Otherwise, I would vote to affirm.