■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHN McNAMEE, Appellant.—Judgment, Supreme Court, New York County, rendered November 29, 1977, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, criminal facilitation in the first degree, and criminal facilitation in the second degree, and sentencing him accordingly, reversed, on the law and as a matter of discretion in the interest of justice, and case remanded for a new trial. Defendant is entitled to a new trial because of four basic errors committed during trial. First of all, in the charge, the trial court improperly permitted the jury to commingle the evidence under both indictments. The evidence adduced under each crime should have been confined to that crime so as to prevent the homogenization of the evidence. *(People v Harris,* 51 AD2d 937; *People v Range,* 49 AD2d 832.)* Although defense counsel did not except to this portion of the charge, we would reverse on this point in the interest of justice. *(People v Range, supra.)* The defendant did raise defenses based upon agency, duress and entrapment. Hence, the defendant's particular conduct on each of the dates involved would have been admissible for the limited purpose of negating those defenses by showing defendant's criminal intent, disposition and volition *(People v Calvano,* 30 NY2d 199; *People v Flanagan,* 47 AD2d 959, cert den 423 US 935). The court should have phrased his charge accordingly. Secondly, the trial court should have given an accomplice charge (CPL 60.22). The defendant did not ask for an accomplice charge but rather for a conspirator charge. Nonetheless, we would also reverse on this point to afford the defendant a fair trial *(People v Lyles,* 63 AD2d 740). The evidence indicates and the prosecution concedes that Swanson was an accomplice as a matter of law. The jury should have been instructed that Swanson's testimony required independent corroboration. Thirdly, the prosecutor admittedly committed error in failing to turn over the notes of his interviews with Swanson. *(People v Consolazio,* 40 NY2d 446, 454; *People v Peacock,* 31 NY2d 907, 908.)* Lastly, the defendant was denied his fundamental right to a public trial when the courtroom was summarily closed during Swanson's testimony. *(People v Ludolph,* 63 AD2d 77, 83, 84; *People v Boyd,* 59 AD2d 558.)* Therefore, the defendant is entitled to a new trial without a showing of prejudice *(People v Jones,* 47 NY2d 409; *People v Jelke,* 308 NY 56, 67). Concur—Murphy, P. J., Sandler and Silverman, JJ.

Lane and Yesawich, JJ., concur for the reasons set forth in *People v Jones* (47 NY2d 409).