■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL G. DOWNS, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered November 30, 1978, upon a verdict convicting defendant of two counts of the crime of murder in the second degree. The body of Edward Cuzzi was found on the morning of November 28, 1977, floating in the water under a bridge located on Route 209 in Hurley, New York. An autopsy

revealed that the deceased had been shot three times at close range in the left rear side of the head. Defendant Wendell Downs was later taken into custody and, after being advised of his constitutional rights, gave a statement describing in detail the circumstances that resulted in Cuzzi's death. Downs stated that codefendant Daniel Muccia had shot Edward Cuzzi three times in the back of the head while the three men were riding in a car which he, Wendell Downs, was driving. He said Muccia was seated behind him while the decedent was in the right front seat. Downs further stated that he knew that Muccia was going to murder Cuzzi and that he participated in the killing in return for a one-fourth share of the $2,400 worth of cocaine the decedent had on his person. After the shooting, Downs and Muccia took a quantity of drugs and money from the body of decedent. They later disposed of Cuzzi's body by throwing it, with the legs chained to a cement block, into the water off a bridge on Route 209. Defendant and Muccia testified at trial, and each sought by his testimony to place responsibility for the murder on the other. The jury found them both guilty of intentional murder and felony murder. Defendant was sentenced to two concurrent sentences of 22 years to life in prison. This appeal ensued. There should be an affirmance. Defendant's contention that reversible error occurred when it was discovered during the *voir dire* that a prospective juror had known the District Attorney, and, as a party committeeman, had worked on his campaign for election, is without merit. Here, the defendant excused the prospective juror through the exercise of a peremptory challenge and further still had additional peremptory challenges available when jury selection was completed. It is only when a prospective juror has been challenged for cause and that challenge has been denied that such an issue is preserved for appellate review (CPL 270.15, subd 4; 270.20, subd 2; *People v Provenzano,* 50 NY2d 420; *People v Culhane,* 33 NY2d 90). Defendant's argument that the trial court improperly denied his request for an adjournment from Friday morning until Monday morning to produce a possible witness is likewise without merit. It was not demonstrated on the record that the witness was a material witness, since defense counsel refused to disclose the purpose for which the witness would be called. Nor does the record indicate that the witness would have testified if the adjournment had been granted. In this regard, we note that the defendant failed to call the witness during his own case on the following Monday morning. Thus, it cannot be said the trial court abused its discretion as a matter of law in refusing to grant the adjournment *(People v Oskroba,* 305 NY 113, 117; *People v Congilaro,* 60 AD2d 442, 453). Defendant's contention that the trial court erred in refusing to charge hindering prosecution in the first degree (Penal Law, § 205.65) as a lesser included offense of murder in the second degree is rejected. When, as here, the lesser crime requires proof of an element which is not required to establish the greater offense, it is not a lesser included offense to be charged to the jury (see *(People v Moyer,* 27 NY2d 252; *People v Johnson,* 46 AD2d 123, 125; *People v Cionek,* 43 AD2d 256, 257-258, affd 35 NY2d 924). The crime of hindering prosecution requires proof of an element—rendering assistance after the crime is committed—which is not required to establish the crime of murder in the second degree (see Penal Law, §§ 125.25, 205.65). Consequently, the trial court properly refused to charge hindering prosecution as a lesser included offense of murder. Defendant's assertion that the cross-examination of defendant for impeachment purposes as to a prior statement made to his attorney and referred to in an affidavit submitted on a motion for a bill of particulars was error is not preserved for appellate review. Defendant, after an initial

objection to the questioning, upon discussion withdrew his objection. Likewise, by failing to move for a severance before trial, defendant waived the issue of the propriety of the joint trial and it may not now serve as the basis for reversal (CPL 470.05, subd 2; *People v Minor*, 49 AD2d 828). Finally, defendant's contention that the trial court abused its discretion in sentencing defendant Downs to the same sentence as his codefendant on the grounds that Downs took a lesser role in the commission of the crime; that it was his first arrest; that it was his first involvement with the criminal justice system; and that his problems began with the use of drugs, is also rejected. On this record we cannot say that there was a clear abuse of the discretion vested in the sentencing court *(People v Hochberg*, 62 AD2d 239, 251; *People v Dittmar*, 41 AD2d 788). There was evidence, if believed, that Downs not only knowingly participated in, but planned, the cold-blooded killing of the decedent for his own profit and gain. Apparently, the trial court considered and rejected the arguments as to sentencing raised by the defendant. The Trial Judge noted some slight difference between the two defendants, but concluded that each was "equally responsible, legally and morally, for the killing of Cuzzi". We have examined defendant's other allegations of error during the trial and find them to be without merit. Judgment affirmed. Greenblott, J. P., Kane, Staley, Jr., Mikoll and Casey, JJ., concur.