■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J.L. IVEY, JR., Appellant. — Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Defendant was convicted, after a jury trial, of three counts of murder in the second degree and two counts of robbery in the first degree which arose from an armed robbery during which a gasoline station attendant, 25-year-old Alan Sturman, was shot to death. The defendant claimed misidentification and called four alibi witnesses who testified that they were with him at the time the crime was committed. Defendant's principal contention on appeal is that he is entitled to a new trial because of prosecutorial misconduct. We agree. The record is replete with numerous and repeated acts of improper and prejudicial conduct by the prosecution which deprived defendant of a fair trial *(People v Alicea,* 37 NY2d 601; *People v Bussey,* 62 AD2d 200; *People v Balsano,* 51 AD2d 130; see Code of Professional Responsibility, EC 7-13). It is unnecessary to itemize all the incidents but we mention briefly the following: the prosecutor made repeated attempts to offer into evidence composite sketches in direct contravention of the trial court's rulings and over the objections of defense counsel. Composite sketches and testimony regarding such sketches is not admissible on the People's direct case *(People v Griffin,* 29 NY2d 91, 93; *People v Forest,* 50 AD2d 260, 262). While a

composite may be introduced to rehabilitate a witness who has been accused of recent fabrication, it may not be used simply to refute evidence which weakens the reliability of an identification *(People v Davis,* 44 NY2d 269, 277-278; *People v Falterman,* 74 AD2d 584; *People v Forest, supra,* p 263). It was highly improper then for the prosecutor to comment to the jury and insinuate that the court's ruling unfairly precluded him from showing such composites to them. Furthermore, we condemn the prosecutor's inflammatory and prejudicial opening statement and summation designed to scare the jury with warnings that any mistake on his part would mean that the "murderer goes free." Similarly to be condemned are the prosecutor's attempts in his summation to inject sympathy for the victim. (See *People v Range,* 49 AD2d 832, 833; *People v Clemons,* 48 AD2d 802.) Neither can we condone the prosecutor's disparagement of defendant's alibi witnesses by referring to their testimony as "lies," "garbage" and advising the jury that "We should wash that chair [the witness chair] after she [defendant's alibi witness] leaves." Portraying alibi witnesses as bad citizens for their failure to co-operate with the District Attorney is improper *(People v Hamlin,* 58 AD2d 631). Lastly, the prosecutor clearly implied to the jury in his summation that he knew some things about the case he wished that they knew and stated: "In my opening statement to you, * * * I would confine the proof to the indictment. About ten o'clock tomorrow morning you are going to hear about other things. You are going to hear about the type of crime and about the person who has committed that crime". This repeated misconduct is obviously inconsistent with a public prosecutor's duty to be fair and impartial and to avoid unfair insinuations designed to prejudice the jury (see *People v Millard,* 247 App Div 253). As Judge Gabrielli stated for the Court of Appeals in *People v Alicea (supra,* p 605): "Criminal trials are to be so conducted that the proof will be legal evidence, unimpaired by intemperate conduct, impertinent counsel and irrelevant asides, all of which obfuscate the development of factual issues and sidetrack the jury from its basic mission of determining the facts relevant to guilt or innocence. Although every trial may not be impeccably conducted and free of some error, we will not tolerate trials where unadulterated unfairness and deceit have become the rule. Evenhanded justice requires more and, as the ultimate guardian of the rights of the People and defendants in the State, we have a right to expect more." This was an emotional case involving a serious crime in which the jury deliberated for several hours before finally rendering a verdict. In view of the discrepancies in the testimony of the eyewitnesses and the alibi defense presented by defendant, we cannot say the proof of guilt was so overwhelming as to render the prosecutor's misconduct harmless error. We have reviewed defendant's other contentions and find that the errors either were not preserved for review or that they are without merit. (Appeal from judgment of Erie Supreme Court, Flynn, J. — murder, second degree, etc.) Present — Simons, J.P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.