■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MUCCIA, Appellant. — Appeal from a judgment of the County Court of Ulster County (Fromer, J.), rendered May 3, 1982, upon a verdict convicting defendant of the crimes of murder in the second degree and grand larceny in the third degree. ¶ Defendant and Wendell Downs were previously tried jointly and convicted of murdering one Edward Cuzzi. Cuzzi was shot in the back of the head while in the company of Downs and defendant. The details of the homicide are related in *People v Downs* (77 AD2d 740) and *People v Muccia* (83 AD2d 687). At the joint trial, Downs claimed that he was driving the car and that defendant was in the back seat and shot Cuzzi. Defendant, on the other hand, claimed that he was driving and that Downs was the one who murdered Cuzzi. Downs' conviction was affirmed on appeal, but defendant's was reversed because his right to counsel had been violated. Reindicted for murder in the second degree

and grand larceny in the third degree, defendant was tried again and found guilty as charged. This appeal ensued. ¶ At trial, the court permitted the prosecution to read the testimony of Downs taken at the prior joint trial because Downs was found to be currently unavailable to testify in person pursuant to CPL 670.10. Since Downs' prior conviction was not "according to evidence adduced in such action" (CPL 60.22, subd 2) and his testimony, if believed, was self-exculpatory, the trial court correctly allowed the jury to decide as a question of fact whether this testimony was accomplice testimony, thus demanding corroboration (CPL 60.22, subd 1). However, a grave error in the charge regarding the definition of an "accomplice" requires us to reverse. ¶ The jury was instructed that to declare a witness an accomplice, hence requiring corroboration of his testimony, it must find that the witness participated in "all of the elements of the crime" and "believe from the evidence that his conduct has met every element and essential of the crime charged against the accused". This definition, which was excepted to by defense counsel, does not comport with CPL 60.22 (subd 2), which clearly provides that an accomplice need only "reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitutes the offense charged". Failure to charge the much broader statutory definition of an accomplice impermissibly enabled the jury to find that Downs was not an accomplice and that corroboration of his testimony was therefore unnecessary (see *People v Craft,* 67 AD2d 1097, 1098; *People v Small,* 55 AD2d 994, 996). Inasmuch as Downs was the People's principal witness, the effect of this error cannot be reckoned as harmless. Nor is it enough that sufficient corroboration of his testimony was available if the jury had found Downs to be an accomplice (see *People v Minarich,* 46 NY2d 970; *People v Cohen,* 73 AD2d 603). The nature of the evidence in this case is such that we cannot say that in the absence of Downs' testimony, the record evinces unmistakable proof that defendant was guilty of committing the crimes with which he was charged (see *People v West,* 92 AD2d 620, 622, revd on other grounds 62 NY2d 708; *People v Korjus,* 54 AD2d 720). ¶ Our determination on this issue makes it unnecessary for us to pass upon the various other points raised by defendant on this appeal. ¶ Judgment reversed, on the law, and matter remitted to County Court of Ulster County for a new trial. Mahoney, P. J., Main, Yesawich, Jr., and Harvey, JJ., concur; Mikoll, J., concurs in the result only.