(January 17, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. VAN DENBURG, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered August 19, 1982, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On February 16, 1982, Karl Seiling was arrested for selling one-half ounce of cocaine wrapped in aluminum foil to an undercover police officer. This arrest was the culmination of a police investigation which included several recorded telephone conversations in which Seiling had arranged the sale through a police informant. Defendant's brother, Michael Van Denburg, a quadraplegic, was identified as the supplier of the cocaine both in these telephone calls and in Seiling's trial testimony. Seiling further stated that on the day of the sale, the police informant drove him to a home occupied by Michael Van Denburg and defendant, and that Sandra Schroll handed him (Seiling) the aluminum foil containing the cocaine; Schroll, who had been arrested with defendant but had been granted immunity, testified that defendant had given her the foil, and that they then followed Seiling and the informant to the site of the sale "so that [defendant] could pick up some money that [Seiling] owed [Michael Van Denburg]". At the time of Seiling's arrest, a police officer in civilian clothing also attempted to arrest defendant and Schroll. This officer ran to the driver's side of defendant's car and, with pistol drawn, yelled, "Eddie, police, don't move!" The window of defendant's car was up. Defendant, startled, sped away and, after a chase, was apprehended along with Schroll. Because of the trial court's failure to charge the jury that the testimony of Schroll, an accomplice, required corroboration, we reverse.

When an accomplice is the People's principal witness, a faulty accomplice charge cannot be reckoned harmless error (*People v Muccia,* 101 AD2d 930, application for lv to app den 63 NY2d 709; see *People v Jenner,* 29 NY2d 695, 696-697). Schroll not only acted as an intermediary in transferring the cocaine to Seiling, but accompanied defendant to the place of the sale and, after switching seats with defendant, while fleeing, drove defendant's car as they attempted to escape from the police. Furthermore, there is evidence, although disputed, that she admitted to a friend that she had given Seiling an aluminum foil containing cocaine which she had received from defendant. Having criminally participated with defendant in the commission of the charged offense, Schroll was an accomplice as a matter of law

(CPL 60.22, subd 2; see, e.g., *People v Beaudet,* 32 NY2d 371, 375; *People v Rossi,* 11 NY2d 379, 383).

Although the trial court charged that Seiling was an accomplice, it failed to charge that Schroll was also an accomplice whose testimony required corroboration. Had counsel registered an exception, a reversal would be dictated (*People v Minarich,* 46 NY2d 970; *People v Muccia, supra*). But that error has not been preserved for review because defendant's trial counsel neither requested that charge nor excepted to the court's instructions (see *People v Lipton,* 54 NY2d 340). However, unlike *People v Smith* (103 AD2d 859), the proof in this record is not so compelling as to preclude reversal in the interest of justice. Moreover, though counsel's representation of defendant during the course of this trial cannot be said to have been ineffective, there were deficiencies in representation of sufficient magnitude to give added substance to the judiciousness of reversing. The most harmful of those errors was calling defendant to the stand, since but for defendant's own testimony it is arguable whether there would have been any corroboration of Schroll's testimony, which is crucial, for without it there is nothing in the evidence linking defendant to the aluminum foil given by her to Seiling.

Additionally, while relying on the defense that it was defendant's brother who was engaged in selling drugs and that defendant was merely an unwitting dupe in the transaction, counsel claimed to have been "surprised" during the course of trial by the fact that the People intended to secure a conviction of defendant on the familiar and elementary principle that a person aiding and abetting another in committing a crime is guilty as a principal (see *People v Liccione,* 63 AD2d 305, 313, affd 50 NY2d 850). Accordingly, we deem it to be in the interest of justice to overlook defense counsel's acquiescence in the flawed charge (see *People v McNamee,* 71 AD2d 559) and grant a new trial. We find it unnecessary to address defendant's other contentions.

Judgment reversed, as a matter of discretion in the interest of justice, and case remitted to the County Court of Albany County for a new trial. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.