OPINION OF THE COURT
Ann B. Dufficy, J.
In this motion for an order pursuant to CPL article 670 to use testimony given in a previous proceeding, the issue presented to the court is whether the granting of such a motion violates the defendant’s constitutional rights to cross-examination and confrontation where the failure to employ an interpreter for the witness at the original proceeding rendered the witness’ testimony unclear and in part unresponsive.
On September 9, 1982 the defendant was convicted of robbery in the first degree and criminal use of a firearm in the first degree upon a jury verdict. The said conviction resting upon the identification testimony of the victim of the alleged robbery, one Bélgica Vera.
During the course of the witness Vera’s testimony it became apparent that the witness was having trouble understanding the questions. The defense attorney then raised the issue of procuring an interpreter, whereupon the court replied "I don’t know if it would be helpful”. A side bar conference was then held in which the following exchange occurred:
"The Court: You want a translator?
*649 "The A.D.A.: I don’t know if we can get one. I don’t know if
"The Court: You can’t lead the witness.
"The A.D.A.: The only problem is, I wouldn’t mind a translator. It’s just that I never had one before and I never had one before * * * I don’t know if it would be helpful.
"The Court: What’s her native language?
"The A.D.A.: It’s Spanish, your Honor. I don’t know if we can get a Spanish translator.
"The Court: Would it be helpful or do you just want to continue and don’t lead the witness. You may not be happy with her answers. You can’t lead her. She is not saying she doesn’t understand.
"Defense Attorney: No.
"The A.D.A.: I will try to continue, your Honor.
"The Court: All right.”
Thereafter the court did not order an interpreter. No further discussion of obtaining an interpreter was had.
In an order dated December 10, 1984, the Appellate Division, Second Department, unanimously reversed the conviction and ordered a new trial (106 AD2d 471).
In its decision the appellate court, in assessing the reliability of the testimony of the witness, Vera, made the following observations. "Her testimony was also unclear and her answers to questions sometimes unresponsive, a problem exacerbated by her imperfect grasp of the English language.” (106 AD2d 471, 472, supra.)
The court went on to suggest that it "may be wise to use a Spanish interpreter upon retrial.” (106 AD2d 471, 472, n, supra.)
The People now allege that they cannot, with due diligence, locate the witness, Vera, and move herein for an order permitting the introduction of the witness Vera’s prior trial testimony into evidence at the retrial. The defendant cross-moves to preclude such use of the witness Vera’s prior testimony and also moves pursuant to CPL 210.40 to dismiss the indictment in the interests of justice.
CPL 670.10 provides, inter alia, as follows: "1. Under circumstances prescribed in this article, testimony given by a witness at (a) a trial of an accusatory instrument * * * may, where otherwise admissible, be received into evidence at a subsequent proceeding in or relating to the action involved *650 when at the time of such subsequent proceeding the witness is unable to attend the same by reason of death, illness of incapacity, or cannot with due diligence be found”.
However, the court notes that case law and constitutional considerations have established certain limitations or conditions which must be met if such prior testimony is to be admitted.
Initially, the confrontation clauses of the United States and New York State Constitutions have been held to preclude the use of prior testimony in the absence of an adequate opportunity to cross-examine the witness at the time of the prior proceeding.
In the leading case of People v Simmons (36 NY2d 126, 130 [1975]) wherein the Court of Appeals held that where the defendant’s opportunity for cross-examination at a preliminary hearing was unduly restricted the subsequent use of that testimony at trial pursuant to CPL 670.10 was precluded — the court made the following comments:
"While the right of a defendant in a criminal case to confront adverse witnesses is guaranteed by the Federal and State constitutions (U.S. Const., 6th Arndt.; N.Y. Const., art. I, § 6; see Pointer v. Texas, 380 U. S. 400, 403), a well-recognized exception to this right authorizes the use at a later proceeding of a then unavailable witness’ prior testimony provided that the defendant at the prior proceeding has been represented by counsel who has been afforded the opportunity to adequately cross-examine the witness (Barber v. Page, 390 U. S. 719; People v. Hines, 284 N. Y. 93; People v. Qualey, 210 N. Y. 202; People v. Malcolm, 35 A. D. 2d 1037; see, also, 5 Wigmore, Evidence [3d ed.], §§ 1395-1398, 1402).
"Where there is an adequate opportunity to cross-examine the witness at the prior proceeding and especially if counsel for the defendant availed himself of that opportunity, the prior testimony bears sufficient 'indicia of reliability’ and affords the trier of facts at the later proceeding a satisfactory basis for evaluating the truth of the prior testimony. (Mancusi v. Stubbs, 408 U. S. 204, 216; Dutton v. Evans, 400 U. S. 74, 89.)”
In the present case upon scrutinizing the prior testimony of the witness, Vera, the court notes that it is apparent that the witness was often confused and unable to comprehend relatively simple questions.
The court finds that, here, testimony on both direct and *651 cross-examination under the conditions was unclear, and that cross-examination in particular was rendered ineffective, in that due to the language barrier defense counsel was unable to adequately test the reliability of the complainant’s identification of the defendant so as to afford the trier of facts at a retrial a satisfactory basis for evaluating the truthfulness and/or the reliability of the prior testimony as is required.
Thus, the court finds that the prior testimony of the witness, Vera, fails to satisfy constitutional standards for use in a retrial and, accordingly, the People’s motion to use the testimony given in the previous proceeding by the witness Bélgica Vera is denied.
‘The defendant’s motion to dismiss the indictment in the interests of justice raises issue which will require a hearing to resolve.
Accordingly, that matter is hereby set down for a Clayton hearing to be held before this court.