■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MUCCIA, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Ulster County (Fromer, J.), rendered April 5, 1985, upon a verdict convicting defendant of the crimes of murder in the second degree and grand larceny in the third degree.

On two prior occasions, this court reversed defendant's convictions stemming from the same facts which underlie this appeal. The details of the crimes are set forth in *People v Downs* (77 AD2d 740), a case involving codefendant Wendell Downs, and in *People v Muccia* (83 AD2d 687). Downs and defendant were first tried jointly in 1978, and each was convicted of one count of common-law murder and one count of felony murder for the shooting death of Edward Cuzzi in the course of an argument over the quality of cocaine he allegedly sold them. This court reversed defendant's conviction *(People v Muccia, supra)* because his inculpatory statements were obtained in violation of the rule of *People v Samuels* (49 NY2d 218). Downs' conviction was affirmed *(People v Downs, supra).*

After defendant was reindicted and convicted of murder in the second degree and grand larceny in the third degree, his conviction was again reversed by this court (101 AD2d 930), this time because of County Court's improper and prejudicial definition of "accomplice". At a hearing held prior to the retrial which underlies this appeal, Downs stood mute and refused to testify despite a threat of contempt by the court. Over defendant's objection, County Court ruled that Downs was, therefore, unavailable as a witness and that his testimony given at the joint trial in 1978 could be read to the jury by an investigator from the District Attorney's office. At that

pretrial hearing, defense counsel requested that the jury be instructed that no inference could be drawn from defendant's failure to testify. This request was not then ruled on by County Court. However, the court denied defendant's motion to (1) exclude defendant's work boots, which were stained with human blood, (2) dismiss both counts of the indictment for insufficiency, and (3) suppress defendant's statement for impeachment purposes. Following the presentation of the People's case, defendant called no witnesses, but introduced hospital records revealing that Downs was suicidal and paranoid. In his summation, the prosecutor referred to defendant and Downs as "accomplices" and "murderers" and pointed out the consistencies in Downs' statement to the police and his 1978 trial testimony, except for his statement to the police that he knew that Cuzzi's murder would happen.

County Court charged the jury that Downs was an accomplice as a matter of law, requiring corroboration of his testimony as read, and that the jury could consider on the issue of corroboration the finding of Cuzzi's body as Downs had described it, the cocaine and bus ticket found on Cuzzi, the bloody evidence in defendant's car and testimony of a barmaid and defendant's girlfriend. Defendant objected to the charge as given. Defendant was convicted as charged and sentenced to concurrent prison terms of 25 years to life for murder in the second degree and 1⅓ to 4 years for grand larceny in the third degree.

On this appeal, defendant argues that the use of Downs' prior testimony was error. We disagree. A traditional hearsay exception for prior testimony of an unavailable witness *(see, Barber v Page,* 390 US 719, 722) is codified in CPL 670.10, which relevantly provides that the testimony of a witness at trial is admissible at a subsequent related proceeding which the witness is unable to attend because of "incapacity". Downs' refusal to testify constituted incapacity because County Court made sufficient good-faith efforts, including a threat to cite Downs for contempt, in order to induce him to testify in person *(see, Mason v United States,* 408 F2d 903, *cert denied* 400 US 993). Furthermore, the direct examination and cross-examination of Downs at the prior trial was not unduly or improperly restricted in any way *(People v Lyons,* 129 Misc 2d 648). In these circumstances, Downs' testimony was properly received.

Additionally, we find that the testimony of Downs as offered was sufficiently corroborated pursuant to CPL 60.22 (1). The requisite corroboration is independent material evidence

which, considered cumulatively, supports a reasonable inference that defendant was somehow implicated in the commission of the crime *(People v Springer,* 127 AD2d 250, *lv granted* 70 NY2d 657). There was independent evidence of defendant's drug dealings and his presence with Downs at the murder, at the body disposal and, the next day, at the bridge overlooking the stream where the body was dumped. Also, there was proof that defendant fled to Boston, where he was apprehended at his girlfriend's house on a tip from Downs. All of this evidence supports Downs' testimony implicating defendant either as a principal or an accessory. In our view, the requirements of CPL 60.22 (1) were satisfied *(see, People v Glasper,* 52 NY2d 970).

We further find no merit in defendant's contention that he was not charged in the indictment with accessorial conduct and could not be convicted for such *(see, People v Duncan,* 46 NY2d 74, *cert denied* 442 US 910; *see also, Matter of Silvestro v Kavanagh,* 98 AD2d 833, *lv denied* 61 NY2d 603).

Defendant next argues that he was entitled to a hearing prior to his instant trial in regard to the admissibility of his statement for impeachment purposes and that County Court's reliance on a determination of voluntariness, made before the two prior trials, prevented him from testifying on his own behalf. County Court correctly gave conclusive effect to the determinations made at defendant's two prior trials that defendant's statement had been voluntarily given *(see, People v Plevy,* 52 NY2d 58, 60-64).

We find meritless defendant's claim that the prosecutor's summation was unduly prejudicial. The prosecutor drew permissible inferences from the evidence when he referred to defendant and Downs as "accomplices" and "murderers", and, in any event, the characterization was not so egregious as to require a new trial *(see, People v Balls,* 118 AD2d 887, *affd* 69 NY2d 641).

As to County Court's failure to charge the jury regarding defendant's failure to testify, County Court so charged *(see,* CPL 300.10 [2]) during jury selection, as defendant requested. At the trial's conclusion, defendant did not again specifically request such a charge. We have examined defendant's other alleged errors and find them untenable. The judgment of conviction should be affirmed.

Judgment affirmed. Casey, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.