■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY GREEN, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered October 19, 1989, convicting defendant, after a jury trial, of sodomy in the first degree, sexual abuse in the first degree, sexual abuse in the second degree (two counts), and tampering with a witness in the third degree, and sentencing him to concurrent terms of imprisonment of 4 to 12 years, 1 to 3 years, 6 months (two terms), and 1 to 3 years respectively, unanimously affirmed.

The eleven year old victim's trial testimony that defendant had orally sodomized and sexually abused him was clear and consistent, and entitled to be credited by the jury. The evidence was legally sufficient to establish the defendant's guilt of each of the offenses of which he was convicted. Testimony by the victim's mother concerning a conversation in which the victim first revealed the abuse, while hearsay, was admissible, as defendant had "opened the door" to the testimony by cross-examining the victim concerning the conversation *(People v Purdie,* 165 AD2d 720, *lv denied* 76 NY2d 990).

The defendant argues that the prosecutor asked him preju-

dicial questions on cross-examination regarding his relation-
ship with his father, including whether he had slept with and
had been abused by his father, and whether his father had
abused his younger sister. These questions had no bearing on
the defendant's credibility, and their only apparent relevance
would be to show a predisposition on defendant's part to
commit similar sexual abuse upon the victim in this case. We
do not accept the People's justification of these questions as
controverting defendant's testimony that he was a "caring
father" figure for the victim in this case, or defendant's
explanation of his understanding of the term "sodomy".

While we find this questioning to have been improper, no
objection was registered, and the issue raised thereby was not
preserved for review (CPL 470.05 [2]; *People v Balls,* 69 NY2d
641). Although these questions had the potential for eliciting
prejudicial answers, the defendant responded to each of them
(and others in a similar vein) in the negative, and they were
not pursued further. We accordingly find insufficient basis for
considering them in the interest of justice and ordering a new
trial.

On summation, the prosecutor argued to the jury that the
case "boils down to a poster and it's a poster of a little boy.
He's about eight or ten years old and he's got ripped up
clothes and he's standing in an abandoned lot and in the
poster the boy says, he says 'I'm not garbage. God made me
and God doesn't make garbage' and ladies and gentlemen of
the jury, [the victim] is not garbage. [The victim] is worthy of
your consideration. [The victim] is important. He is important,
ladies and gentlemen, not because he's rich or famous or
powerful because certainly he's none of those things but [the
victim] is important because [he] is a human being and the
law protects * * * any boy from a forcible sodomy and the law
protects a boy less than fourteen years old from any sodomy
at the hands of a man over eighteen and he's under fourteen
and the defendant is over eighteen years old * * * [The victim
has] dreams like any other kid. He's got aspirations and goals
like any other kid but interspersed with his dreams are some
nightmares. Interspersed with his goals are some things that
have warped his dreams and his future."

These remarks did not constitute a fair commentary on the
evidence intended to aid the jury in its fact-finding function,
but rather appear as a calculated appeal to the jury's emo-
tions, in particular wrath toward the defendant, and sympa-
thy for the victim. We strongly disapprove of such efforts to
inflame the passions of the jury *(see, People v Ivey,* 83 AD2d

788; *People v Range,* 49 AD2d 832). Nevertheless, it is the obligation of the defense to raise a timely objection to improper summation comments in order that the Trial Judge may have the opportunity to admonish the prosecution, and caution the jury to disregard them. "Defendant may not withhold objection to improper arguments, hope for an acquittal, and then raise the improper arguments as error if the jury convicts." *(People v Acosta,* 180 AD2d 505, 509.)

We have considered the remaining arguments raised by the defendant and find them to be without merit. Concur—Sullivan, J. P., Carro, Kupferman, Kassal and Smith, JJ.