OPINION OF THE COURT
Albert D. Koch, J.
*605 The defendant moves for an inspection of the Grand Jury minutes and a dismissal of the indictment. This court has read the Grand Jury minutes and finds that the indictment must be dismissed.
After presenting evidence to the Grand Jury, the Assistant District Attorney gave the following instruction: "Before I read the charges I’m about to present to you, I’d like to inform you that you’ll be hearing additional evidence at a later time. Therefore, after you have deliberated on the charges that I’m about to present to you, you may not further deliberate on this matter until I have had an opportunity to present more evidence to you.”
The jury was then instructed to consider a single count of robbery in the first degree, on which it found a true bill. The Grand Jury was thereafter presented additional evidence and charges related thereto and returned a true bill with regard to those charges.
The court finds that the instruction impaired the integrity of the Grand Jury because it insinuated that there was additional incriminating evidence that had not yet been presented. Alerting the Grand Jury to the fact that other, possibly more incriminating evidence existed, was the equivalent of a prosecutor at trial arguing in summation that he has knowledge of matters not in evidence; a practice which has been condemned (People v Ivey, 83 AD2d 788). Accordingly, the first count of the indictment must be dismissed.
With respect to the remaining counts, the court finds that once the Grand Jury had found a true bill on the first count, it was predisposed to find a true bill on the additional counts (see, People v Evans, 79 NY2d 407). Because the initial true bill was improperly obtained, the court finds that the additional counts obtained were tainted by the initial illegality. Accordingly, the remaining counts are also dismissed. The People are granted leave to re-present.