◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT J. COREY, Appellant. [650 NYS2d 411] —Casey, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 3, 1995, upon a verdict convicting defendant of the crimes of murder in the second degree and arson in the second degree.

Defendant's conviction stems from the August 1994 fire at the Park View Hotel (hereinafter the hotel) in the Village of Hudson Falls, Washington County, which took the life of a volunteer firefighter, Paul McMurray, who responded to the fire. The day after the fire, State Police Investigators learned that defendant had threatened to burn the hotel. The investigators interviewed defendant, who orally admitted setting the fire and thereafter signed a written confession. After he was

indicted on a variety of charges, defendant moved to suppress his oral and written statements. The suppression motion was denied and defendant was convicted of arson and felony murder charges after a jury trial. He was sentenced to concurrent prison terms of $8^1/_3$ to 25 years on the arson charge and 25 years to life on the felony murder charge.

We reject defendant's contention that County Court erred in denying his suppression motion. According to defendant, his confession was obtained by "coercive means". Considering the circumstances of the particular case (see, People v Tarsia, 50 NY2d 1, 10) and based upon the totality of the circumstances (see, People v Anderson, 42 NY2d 35, 38), there is ample evidence in the record of the suppression hearing to support County Court's conclusion that defendant's statements were voluntary (see, People v Jackson, 178 AD2d 851, 852-853, lv denied 79 NY2d 1002). The length of the interview is not determinative (see, supra, at 852).

Defendant was given the Miranda warnings at the beginning of the interview and made an oral admission of setting the fire less than three hours later. During the remainder of the interview, defendant provided further details and produced the book of matches he used to set the fire, and his oral narrative was reduced to a written confession which he signed less than seven hours after the interview began. During the interview, defendant was given soda and candy. There were no threats or promises and no force was used. Defendant did not request an attorney or seek to terminate the interview. At trial, there was evidence that defendant had a low I. Q., but the evidence also established that defendant was not mentally retarded, was capable of understanding the Miranda warnings and was not highly susceptible to suggestion. In short, there is no credible evidence in the record to support defendant's claim of "coercive means".

Defendant next seeks reversal on the basis of claims of prosecutorial misconduct during the opening statement and summation, when the prosecutor focused on the deceased firefighter and his family. The comments were consistent with evidence admitted at trial. To the extent that the comments could be viewed as an attempt to inflame the passions of the jury, defendant was obligated to object in a timely fashion to afford County Court an opportunity to give appropriate curative instructions (see, People v Green, 183 AD2d 617, 619, lv denied 80 NY2d 831). Defendant did not do so. Reading the comments in context and considering the record as a whole, including County Court's general charge not to base the verdict

on bias, prejudice or sympathy, we conclude that the prosecutor's conduct was not so egregious as to deprive defendant of a fair trial (*see, People v Gonsa*, 220 AD2d 27, 31).

The remaining arguments merit little discussion. Defendant's confession, together with other evidence concerning the origin of the fire, defendant's involvement therein and the resulting death of the volunteer firefighter, passes muster under both the legal sufficiency and weight of the evidence standards of review (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant's confession is direct evidence of his guilt (*see, People v Rosner*, 67 NY2d 290, 295) and, therefore, the circumstantial evidence charge requested by defendant was not required (*see, People v Basir*, 179 AD2d 662, 663). The judgment of conviction should be affirmed.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.