■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYSON KIMBOROUGH, Appellant. [662 NYS2d 620] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 16, 1996, upon a verdict convicting defendant of the crimes of robbery in the second degree and criminal possession of stolen property in the fifth degree.

After a jury trial, defendant was found guilty of robbery in the second degree and criminal possession of stolen property in the fifth degree. These charges stemmed from an incident wherein defendant stole the victim's purse, injuring her in the process.

We reject defendant's contention that statements made by the prosecutor during summation raised the inference that defendant failed to testify in order to hide his criminal background. Specifically, the prosecutor commented on a witness's criminal background and stated that when a witness "take[s] the stand in a criminal case, that is the kind of thing that does come out". We find that "[a]n adverse inference from the defendant's failure to testify was not an inevitable conclusion to be drawn from the prosecutor's statement" (*People v Gilmore*, 152 AD2d 743, *lv denied* 74 NY2d 896; *see, People v Garcia*, 51 AD2d 329, *affd* 41 NY2d 861). In any event, any error in this regard was harmless given County Court's instructions to the jury that they were not to draw any negative inferences from defendant's failure to testify combined with the overwhelming evidence of defendant's guilt (*see, People v Wolf*, 176 AD2d 1070, 1071, *lv denied* 79 NY2d 1009).

Equally unavailing is defendant's claim of ineffective assistance of counsel. Our review of the record, " 'viewed in totality and as of the time of the representation' " (*People v Wiggins*, 89 NY2d 872, 873, quoting *People v Baldi*, 54 NY2d 137, 147), discloses that defense counsel provided meaningful representation by making appropriate pretrial motions, conducting effective cross-examinations, making relevant objections, pursuing an appropriate defense and delivering an effective summation (*see, People v Barber*, 231 AD2d 835, 836). Defendant's assertion that defense counsel failed to interview potential witnesses concerns matters outside the record which are properly reviewable in a CPL article 440 motion to develop the record (*see, People v English*, 215 AD2d 871, 873, *lvs denied* 86 NY2d 793, 87 NY2d 900). In any event, defendant has failed to establish that but for defense counsel's alleged errors, the outcome would have been different (*see, People v Washington*, 233 AD2d 684, 689, *lv denied* 89 NY2d 1042). Accordingly, we find no merit to defendant's assertion of ineffective assistance of counsel (*see, People v Murphy*, 235 AD2d 933, 937-938; *People v Parker*, 220 AD2d 815, 817, *lv denied* 87 NY2d 1023).

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.