■ The People of the State of New York, Respondent, v Andy Butler, Appellant. [711 NYS2d 525] —Mugglin, J. Appeal

from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered October 7, 1998, upon a verdict convicting defendant of the crimes of rape in the second degree (10 counts) and sodomy in the second degree.

Defendant, following a jury trial, was convicted of 10 counts of rape in the second degree and one count of sodomy in the second degree for acts allegedly committed upon the victim between July 1996 and December 1997. At the jury trial in September 1998, the People introduced evidence from the female victim, who was 13 years old at the time of trial, defendant's wife, to whom the victim revealed defendant's sexual contact, and a gynecologist who recounted statements of the victim obtained from her during the course of his examination. As a result of these convictions, defendant was sentenced to consecutive indeterminate terms of imprisonment of 2⅓ to 7 years for each conviction. Defendant now appeals.

Defendant asserts that the People introduced no evidence to support a conviction with respect to three counts of the indictment although not specifying which counts he challenges. A review of the record reveals that defendant's arguments are addressed to counts 8 and 10 of the indictment and to testimony concerning another uncharged incident. In opposition, the People assert that these claimed errors are unpreserved for appellate review since defendant made no specific motion for a trial order of dismissal with respect to the charged incidents, nor did defendant object to County Court's charge which included the submission of two of these three incidents for the jury's consideration.

To preserve a question of law regarding a ruling of the trial court, some express or implied request or protest is necessary (see, CPL 470.05 [2]; People v Starling, 85 NY2d 509, 516; People v Cona, 49 NY2d 26). At the close of the People's case, defendant did move to dismiss the entire indictment because the evidence was "incredulous as a matter of law." Subsequently, defense counsel also moved to dismiss the entire indictment on the ground that the People failed to prove that defendant was 18 years old or more when the alleged acts occurred. Neither of these protests, in our view, were adequate to preserve for appellate review the issue of the legal sufficiency of the evidence presented with respect to these incidents (see, People v Gray, 86 NY2d 10; People v Bynum, 70 NY2d 858). Nevertheless, we will review the argument in the interest of justice, pursuant to CPL 470.15 (6) (a), since the People concede that the evidence was legally insufficient to sustain convictions under counts 5 and 10 of the indictment. As a consequence, the

convictions for rape in the second degree with respect to those two counts are reversed.

The evidence in support of the rape in the second degree charged in count 8 consists of the victim's testimony that "he did the same thing." In the context of the trial, this testimony was elicited from the victim immediately after she had testified to the details of the rape in the second degree charged by count 7 and the details of the unindicted incident. While it is clear that this testimony does not directly support each and every element of rape in the second degree, it is logical to conclude that the jury interpreted the victim's testimony to mean that defendant had raped her in the precise manner described only moments earlier (see, People v Bleakley, 69 NY2d 490, 495).

We next examine defendant's contention that he was denied a fair trial by prosecutorial misconduct and the admission of certain evidence. Defendant's claims regarding prosecutorial misconduct during the People's opening and closing statements are unpreserved for appellate review since objections were not made at the time of the alleged errors (see, People v Utley, 45 NY2d 908, 910; People v Smyth, 233 AD2d 746, 749, lv denied 89 NY2d 1015; People v Green, 183 AD2d 617, 619, lv denied 80 NY2d 831). Moreover, we perceive no substantive basis upon which to exercise our discretion to reverse based upon these alleged errors in the interest of justice (see, CPL 470.15 [6] [a]). Similarly unpreserved are defendant's present challenges to portions of the testimony of his wife and the gynecologist, and again we perceive no reason to exercise our discretion to take corrective action based upon these issues in the interest of justice.

Next, except for counsel's failure to move to dismiss counts 5 and 10 of the indictment for legal insufficiency, there is no merit to defendant's claim of ineffective assistance of counsel. A defendant is entitled to effective, meaningful representation (see, People v Baldi, 54 NY2d 137). But, this requirement does not command that defendant receive a perfect trial (see, People v Flores, 84 NY2d 184, 187). Therefore, meaningful representation should not be analyzed from the perspective of hindsight (see, People v Satterfield, 66 NY2d 796, 799). Rather, the attorney's performance at trial should be objectively evaluated to determine whether the tactics and strategies were consistent with those of a reasonably competent attorney (see, People v Angelakos, 70 NY2d 670, 673-674; People v Satterfield, supra, at 799). A review of the record as a whole reflects a performance commensurate with that of a reasonably competent attorney who conducted the defense in accordance with a

reasoned trial strategy. Thus, we reject defendant's contention that his attorney's representation was so meaningless as to have deprived him of a fair trial (*see, People v Benevento*, 91 NY2d 708, 713; *People v Rivera*, 71 NY2d 705, 708).

Finally, we address defendant's argument that reversal is mandated since the record does not demonstrate that he was allowed to attend a hearing held pursuant to *People v Sandoval* (34 NY2d 371). The record does reflect that the People afforded defendant notice of the convictions which they would seek to employ during cross-examination if he chose to testify, but the record does not reflect that any *Sandoval* motion was made or any hearing held. Since this issue cannot be properly analyzed on this record, it may not be raised on direct appeal (*see, People v Kimborough*, 242 AD2d 838, 839, *lv denied* 91 NY2d 893; *People v English*, 215 AD2d 871, 873, *lv denied* 87 NY2d 900). Defendant's remaining contentions are either unpreserved for appellate review or without merit.

Crew III, J. P., Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as found defendant guilty on counts 5 and 10 of the indictment; said counts of the indictment are dismissed; and, as so modified, affirmed.