■ In the Matter of JOHN SILVESTRO, Appellant, v MICHAEL KAVANAGH, as District Attorney of the County of Ulster, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered March 31, 1983 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted reargument and dismissed petitioner's application for a writ of prohibition based on a lack of geographical jurisdiction. Petitioner devised a scheme with four others whereby invoices for merchandise purportedly sold to his employer, Standard Brands, Inc., in New York City by a fictitious vendor would be submitted and the checks in payment deposited in banks in Ulster and Dutchess Counties, thereafter to be converted to cash. Following indictment in Ulster County charging five counts of grand larceny in the second degree, petitioner commenced this CPLR article 78 proceeding to prohibit respondent District Attorney from prosecuting him, contending that Ulster County did not have geographic jurisdiction.* Special Term granted respondent leave to reargue its decision granting a writ of prohibition and, upon reargument, made a new determination sustaining geographic jurisdiction and dismissing the petition. This appeal by petitioner ensued. In our affirmance of the judgment, we hold that Special Term was correct in its factual determination that Ulster County had jurisdiction. CPL 20.40 (subd 1) provides, in pertinent part: "A person may be convicted in an appropriate criminal court of a particular county, of an offense * * * committed either by his own conduct or by the conduct of another for which he is legally accountable pursuant to section 20.00 of the penal law, when: 1. Conduct occurred within such county sufficient to establish: (a) An element of such offense; or (b) An attempt or a conspiracy to commit such offense". It is the prosecutor's burden to establish jurisdiction (*Matter of Steingut v Gold,* 42 NY2d 311, 316), which burden may be satisfied by a fair preponderance of the evidence (*People v Moore,* 46 NY2d 1, 6). Contrary to petitioner's oral argument, the Grand Jury minutes are unquestionably a part of the record subject to our review. Further, that the indictment accuses petitioner as a principal, and not as an accessory, does not preclude a conviction based upon evidence establishing his participation in the crime even if he was not present at its final consummation (*People v Duncan,* 46 NY2d 74, 79-80; *People v Katz,* 209 NY 311, 325-326). Here, petitioner was essentially accused of stealing checks in New York County which were later converted to cash by his alleged accomplice in Ulster County.

* Petitioner initially commenced a proceeding in New York County, alleging the material events occurred there. Respondent's motion for venue change to Ulster County was granted but proceedings were stayed. On November 1, 1982, following a hearing before Justice Clyne, Acting Justice of the Supreme Court, Ulster County, the court, *sua sponte,* vacated the stay and the matter was calendared for trial. Thereafter, this court declined to grant a writ of prohibition and declined petitioner's motion for a stay (*Matter of Silvestro v Vogt,* 90 AD2d 900).

Special Term was correct in holding petitioner liable for the conduct of his accessories in Ulster County because he acted with the requisite mental culpability and intent to assist them in such conduct (*Penal Law*, § 20.00; see *People v Bosque,* 78 AD2d 986, mot for lv to app den 52 NY2d 901, cert den 451 US 992). Since the act of withholding the money from its owner in Ulster County constituted an element of grand larceny in the second degree, jurisdiction pursuant to CPL 20.40 (subd 1, par [a]) was established. Petitioner's attempt to differentiate between the actions of his accessories in Ulster County and his own conduct in New York County is rejected. Under the present Penal Law, the common law distinctions between particular theories of larceny have been eliminated, enabling conviction upon pleading and proof establishing "larceny", regardless of the underlying common law offense (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 155.05, p 113). Here, the acts of petitioner and his accessories were part of a single fraudulent scheme, not separate and distinct crimes. Finally, although the prosecution indicated in its bill of particulars that the place of the "alleged occurrence" was "Standard Brands, Inc., New York, New York", the fact remains that each indictment expressly states "said defendant, in the County of Ulster * * * stole property from Standard Brands, Inc. valued in excess of $1,500.00". Since the bill of particulars did not serve to amend this express allegation in each indictment (see *People v MacAfee,* 76 AD2d 157, 159), geographical jurisdiction was adequately stated. Judgment affirmed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.