■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BENEDICT, Appellant.—Casey, J.

On September 23, 1983, as the 63-year-old assistant manager of the Villa Restaurant in the City of Binghamton was preparing to close the restaurant, he was accosted by defendant who was brandishing a knife. After emptying the office safe and cash register at defendant's command, the victim was stabbed in the back of the neck. Although unconscious for a time, the victim ultimately regained consciousness sufficiently to call the police. He was transported to the hospital with six stab wounds and recovered after surgery, although with permanent disfigurement. Defendant was identified by the victim from a photo array. On September 30, 1983, at about 12:30 P.M., the Binghamton police were notified that defendant, for whom they were searching, was in a detention center in Tampa, Florida. Members of the Binghamton Police Department flew to Tampa and interviewed defendant after he had been advised and waived his *Miranda* rights. Although he initially denied the robbery, defendant later confessed in a two-page statement to stabbing the victim and to taking $600 to $700 from the cash register and $200 from the safe. The police had previously found a butcher knife that contained blood in a location where defendant admitted to having thrown the knife.

At trial, defendant was identified by the victim and the knife was admitted into evidence, as were admissions of defendant's implication in the crime through a female acquaintance of defendant and through the person who had accompanied defendant on his trip to Tampa. Defendant's confession was also introduced through the officer who took it in Tampa. Defendant testified in his own behalf and admitted participation in the robbery, but only to the extent of acting as a lookout. Found guilty as charged, defendant was sentenced as a second felony offender to three concurrent indeterminate terms of imprisonment of 12½ to 25 years.

On this appeal, defendant urges myriad grounds for reversal of his conviction. Initially, defendant contends that inasmuch as he was charged only with being a "principal" in the commission of the crimes, County Court erred in charging the jury that he could be convicted if found only to have "participated in the crimes as an accomplice". This contention is

untenable. A conviction based on participation as an accomplice only has been held to be permissible when the indictment charged the defendant as a "principal" *(Matter of Silvestro v Kavanagh,* 98 AD2d 833, *lv denied* 61 NY2d 603). This rule has more force here since it was defendant himself who first claimed that he was merely an accomplice *(see, People v Peckens,* 153 NY 576, 587). The theory of the prosecution never considered defendant an accomplice.

As to County Court's refusal to charge robbery in the third degree as a lesser included offense, we find no error. A reasonable view of the evidence does not accommodate to the robbery being committed without the use of the knife as a dangerous weapon, resulting in the victim's stabbing. Whether defendant acted as principal or accessory, the degree of the crime remains the same *(see,* Penal Law § 20.00).

Defendant's next claim is that the statement taken from him in Tampa should have been suppressed because his right to counsel had indelibly attached at that time and defendant could not effectively waive that right without the presence of his attorney. Significantly, in our opinion, defendant's questioning took place before the formal commencement of the criminal proceeding by the filing of an accusatory instrument *(see, People v Lane,* 64 NY2d 1047; *People v Samuels,* 49 NY2d 218; *People v Settles,* 46 NY2d 154). Contrary to defendant's claim, the indelible right to counsel does not attach because the investigation has focused on defendant as a target *(see, People v Medvecky,* 95 AD2d 921) or because resort to extradition process had been had. The extradition process does not establish the critical phase of a criminal proceeding to trigger a defendant's constitutional right to counsel *(People v Morton,* 104 AD2d 569, 571).

We further find from the record that defendant's representation by counsel was meaningful and that counsel was adequately prepared, vigorously advanced defendant's cause and employed the basic principles and techniques of criminal procedure *(see, People v Baldi,* 54 NY2d 137).

The other errors alleged by defendant have been considered and found meritless. The judgment of conviction should, in all respects, be affirmed.

Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.