■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STOKES, Appellant. [626 NYS2d 161] —Judgment, Supreme Court, Bronx County (Antonio Brandveen, J.), rendered January 24, 1992, convicting defendant, after a jury trial, of murder in the second degree, unauthorized use of a vehicle in the first degree, reckless endangerment in the first degree, and felonious leaving the scene of an incident without reporting, and sentencing him to concurrent terms of 25 years to life, 2⅓ to 7 years, 2⅓ to 7 years, and 1 to 3 years, respectively, unanimously affirmed.

The verdict was neither based on legally insufficient evidence nor against the weight of the evidence. Although defendant never explicitly admitted any advance knowledge of his cohorts' intent to commit a robbery, defendant confessed to knowingly driving them, and their loot, away from the robbery scene, and a rational jury could readily have concluded from this confession, and defendant's pre- and post-robbery conduct, that defendant, at the very least, joined the robbery in progress with intent that it be successfully completed *(see, People v Dordal,* 55 NY2d 954; *People v Jackson,* 44 NY2d 935; *People v Keitt,* 42 NY2d 926).

Defendant being a participant in the underlying felony, his guilt of felony murder was clear *(see, People v Hernandez,* 82 NY2d 309), because a felon fleeing in a speeding car that crashes and kills an innocent person is responsible for that obviously foreseeable consequence. For the same reason, it was not error to exclude a witness' statement bearing on police involvement in the crash, which was inadmissible hearsay in any event.

The issue of jurisdiction over this interstate felony murder was resolved by our decision in *People v Nieves* (205 AD2d 173).

Defendant's remaining contentions are largely unpreserved and without merit.

We perceive no abuse of sentencing discretion *(see, People v Delgado,* 80 NY2d 780), and find no reasonable possibility that defendant's sentence was affected by the prosecutor's improper remark about defendant's "audacity to demand a jury trial."

Concur—Ross, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.