■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PENA, Appellant. [838 NYS2d 533]—

Judgment, Supreme Court, Bronx County (John E.H. Stackhouse, J.), rendered July 15, 1996, convicting defendant, after a jury trial, of rape in the first degree (four counts) and sexual abuse in the first degree, and sentencing him, to two consecutive terms of from 12½ to 25 years, consecutive to a term of 3½ to 7 years and concurrent with two concurrent terms of 12½ to 25 years, with fines in the amount of $125,000 and restitution in the amount of $100,000 to the victim, unanimously modified, on the law, to the extent of reducing the fines to $25,000, and vacating the restitution order and remanding the matter for a restitution hearing, and otherwise affirmed.

Defendant's challenge to the legal sufficiency of the evidence is not preserved and we decline to review it in the interests of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning the victim's credibility (see People v Bleakley, 69 NY2d 490, 495 [1987]). There was extensive evidence of defendant's accessorial liability (see Penal Law § 20.00), including evidence supporting the conclusions that he directed the acts of the other participants, and that, in furtherance of the sex crimes, he personally forced the victim to use cocaine.

The People established, by a preponderance of evidence, that Bronx County was a proper venue (see People v Greenberg, 89 NY2d 553, 555-556 [1997]). Even if the actual sex crimes occurred in defendant's Manhattan apartment, and regardless of whether defendant had any knowledge of the other participants' conduct in the Bronx, the Bronx venue was proper under CPL 20.40 (1) (a) because the "forcible compulsion" element of the crimes charged occurred in that county (see People v O'Connor, 21 AD3d 1364, 1365 [2005], lv denied 6 NY3d 757 [2005]; People v Burgess, 107 AD2d 703 [1985]). The use of force began in Bronx County, when the other participants refused to let the victim leave their car. The conduct of an accomplice can be the basis of geographical jurisdiction (Matter of Silvestro v Kavanagh, 98 AD2d 833 [1983], lv denied 61 NY2d 603 [1984]).

Even assuming defendant had no involvement in these crimes until after the others brought the victim to his apartment, he can be viewed as joining the crimes in progress, and intentionally assisting the others in completing them. This makes him criminally liable for acts that the others had already committed in furtherance of the crime (*see People v Lopez*, 6 AD3d 252 [2004], *lv denied* 3 NY3d 643 [2004]; *People v Stokes*, 215 AD2d 225 [1995], *affd* 88 NY2d 618 [1996]), and there is no reason to apply a different rule for venue purposes (*see* CPL 20.40 [incorporating Penal Law § 20.00 standard]). The court's supplemental jury charge on venue left all factual issues to the jury and comported with the above-cited principles of law (*see People v Giordano*, 87 NY2d 441, 451 [1995]), and we reject defendant's arguments to the contrary.

The court properly imposed consecutive sentences for convictions based on defendant's participation in separate and distinct sexual assaults. We perceive no basis for reducing the sentences. However, as the People concede, the fines imposed must be reduced to a total of $25,000 because the maximum fine authorized by Penal Law § 80.00 (1) (a) for each conviction is $5,000. As the People also concede, the restitution award must be vacated because the court based the figure on an estimate of the victim's medical expenses. A hearing is required to establish the "medical expenses actually incurred by the victim" (*see* Penal Law § 60.27 [5] [b]). Concur—Friedman, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.