Tom, J.P.
(dissenting in part). Defendant appeals, as excessive, a sentence of 27Vs years to life, aggregating concurrent sentences of 25 years to life and 12V2 years to 25 years for criminal possession of a controlled substance in the first and third degrees with a consecutive sentence of 2Vs years to 7 years for reckless endangerment in the first degree. While I concur in the majority’s disposition of the appeal from the orders, I find the sentence imposed to be excessive to the extent that it subjects defendant to a harsher penalty than that prescribed for murder. Because public confidence in the fairness of the criminal justice system is promoted by consistency between the severity of the penalty imposed and the seriousness of the offense, I would modify the judgment to provide that the sentences run concurrently.
*432 Defendant’s reckless endangerment conviction resulted from his attempt to flee from two detectives who had stopped his vehicle for running a red light. This Court recognizes the public hazard presented by the use of an automobile in the attempt to evade police (People v Nieves, 205 AD2d 173 [1st Dept 1994], affd 88 NY2d 618 [1996]; see also People v Stokes, 215 AD2d 225 [1st Dept 1995], affd 88 NY2d 618 [1996]). A primary consideration in imposing sentence is “the harm caused or contemplated by the defendant” (People v Notey, 72 AD2d 279, 283 [2d Dept 1980], citing Model Penal Code § 7.01 [2]).* Thus, in Nieves and Stokes, which involved the death of a pedestrian struck by a getaway vehicle, the driver was sentenced to a cumulative prison term of 25 years to life for felony murder, reckless endangerment and other crimes (Stokes, 215 AD2d at 225) and an accomplice was sentenced to a term of 20 years to life for felony murder (Nieves, 205 AD2d at 185-186).
The only life-threatening injuries involved in the matter at bar are those sustained by defendant when he fled from the rented car he was driving and jumped from an overpass, in the dark, without realizing that there was a 60-foot drop to the pavement below. As a result of the fall, defendant underwent extensive surgery, including the fusion of his elbow joints and the placement of screws in his arms, legs and pelvis. At the time of sentence, he was confined to a wheelchair, and his upper-body movement is permanently limited. Another appropriate consideration is the hardship that imprisonment presents to the disabled defendant (Notey, 72 AD2d at 283). Furthermore, even if defendant is deemed to be beyond rehabilitation, he now represents a significantly reduced threat to public safety, which greatly diminishes the imperative to isolate him from the public. And while defendant’s criminal history is extensive, those offenses involving violence are, given his present condition, unlikely to be repeated, which would include the instant crime of reckless endangerment and prior offenses of car theft and vehicular assault, as well as home invasion and burglary. As to deterrence, a would-be felon is unlikely to be further dissuaded from committing a criminal act in the furtherance of eluding police when faced with a prospective sentence of 28V2 years to life (as corrected) rather than a mere 25 years to life. The *433 distinction is not apt to be appreciated by a felon preoccupied with the immediate task of evading imminent capture. Thus, the deterrent effect of imposing consecutive sentences is negligible.
Retribution is a recognized objective of criminal punishment (Notey at 282). But if a sentence of 25 years to life is appropriate for a getaway driver convicted of felony murder and reckless endangerment, why is a greater punishment warranted for defendant in the present case, convicted of only drug possession and reckless endangerment? Finally, to visit greater retribution on a defendant who was permanently disabled as a result of his crime serves no compelling penological objective (Notey, 72 AD2d at 282). The consecutive sentences imposed in this matter do not promote fairness in our criminal justice system and can only be regarded as unduly harsh and excessive.
Accordingly, the judgment should be modified to provide that the sentences be served concurrently.

 The relevant considerations in determining sentence suggested by the American Law Institute are “the harm caused or contemplated by the defendant, the excuse or provocation, if any, for the defendant’s conduct, the restitution which may compensate for the harm done, the prior criminal history of the defendant, the likelihood of recurrence of the defendant’s conduct, and whether imprisonment would result in excessive hardship to the defendant” (Notey at 283; Model Penal Code § 7.01 [2]).